The People of the State of New York, Respondent, v
Michael Young, Appellant.

Fourth Department, March 6, 1984

APPEARANCES OF COUNSEL

*Rose H. Sconiers* (*Michael Walsh* of counsel), for appellant.

*Richard J. Arcara, District Attorney* (*Louis Haremski* of counsel), for respondent.

OPINION OF THE COURT

Green, J.

On this appeal, we are called upon to decide whether the trial court erred in permitting introduction of testimony of prior uncharged offenses during a bench trial of an indictment charging defendant with the sexual abuse of his 10-year-old daughter. The rules with respect to the admissibility of prior uncharged crimes are often difficult to apply. This is especially true of sexual crimes when they are committed in family situations and involve youthful victims.

Defendant's children, including his 10-year-old daughter, had been placed in foster care. Joint visitation between the children and their parents, in a supervised setting, was permitted on a weekly basis. During several of these visits, the foster parents observed the defendant kissing and

caressing his daughter. In one such incident occurring on April 20, 1981, for which defendant was indicted for sexual abuse in the first degree, the foster parents were watching from an adjacent room and saw the defendant knock over his wife's purse. When his wife bent over to pick up the contents, the foster parents observed defendant running his hands across his daughter's breasts and between her legs. At the trial, both the foster parents and defendant's daughter testified with respect to this incident.

The trial court, observing that "parents, generally, are given to intimate touching of their children, which is harmless affection, and necessary for their maintenance", permitted the prosecution to introduce evidence of other acts uncharged in this indictment in which there was claimed sexual contact between defendant and his daughter. The court noted that such testimony was being allowed in order that the court could consider it in determining defendant's intent "particularly in the family situation" that the proof divulged. The court specifically noted that: "any uncharged conduct attributed to this defendant that is admitted into this trial is not in any way intended to prejudice my mind [n]or do I feel it will prejudice my mind with respect to whether the defendant did or did not commit the conduct on the date suggested."

The prosecutor then was permitted to elicit from defendant's daughter, over defense objection, that on six or seven prior occasions her father had entered the bathroom, removed all her clothes and touched her "all over" the private parts of her body. On these occasions, her father would also remove his clothing and lay on top of his naked daughter.

Defendant testified in his own defense and denied that both the incidents charged in the indictment and the uncharged acts had occurred. The trial court convicted defendant of attempted sexual abuse in the first degree arising out of the one touching incident charged in the indictment and dismissed two companion charges. Defendant was sentenced to five years' probation with the requirement that he continue mental health counseling.

On appeal, defendant contends that the trial court erred in permitting testimony of prior uncharged sexual crimes. For the reasons that follow, we disagree.

Situations in which evidence of prior uncharged crimes is admissible are set out in *People v Molineux* (168 NY 264, 293) as follows: "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." Of course, it is equally well settled that evidence of uncharged crimes is not admissible if the sole purpose is to show that the defendant was predisposed to commit the crime charged. The rule is meant to eliminate the risk that a trier of fact may convict a defendant even though not convinced beyond a reasonable doubt of his guilt of the crime charged (*People v Ventimiglia,* 52 NY2d 350, 359; *People v Allweiss,* 48 NY2d 40, 46).

Here, the trial court received the evidence of prior uncharged crimes in an attempt to determine the defendant's intent in touching the private parts of his daughter's body on the occasion charged in the indictment. The court was understandably concerned with the equivocal nature of the physical contact between the defendant and his young daughter. As the court observed in its decision: "This Court would be very reluctant, in the normal course of events, to convict a father of an intimate, caressing touch, even of a sexual part, by a father or a mother, for that matter. Therefore, one has to be careful in areas such as this, to have the clear, convincing and, in fact, proof beyond a reasonable doubt, of the intent of the actor under such circumstances."

It is clear from a review of this record that the trial court, sitting as trier of the facts, carefully balanced the probative value of the proof of uncharged crimes against the danger of prejudice which it represented to the accused (*People v McKinney,* 24 NY2d 180, 184-185; *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846). Here, evidence of the prior uncharged sexual contacts between defendant and his daughter was directly probative of the crime charged and was necessary to aid the fact finder in determining defendant's intent. As such, it was relevant for a purpose other than to show defendant's criminal disposition and its probative value outweighed the danger

of prejudice to defendant. Thus, the trial court did not abuse its discretion in admitting such testimony of uncharged crimes.

Accordingly, the judgment should be affirmed.

We have examined defendant's other contention and find it to be without merit.

DOERR, J. P., BOOMER, O'DONNELL and SCHNEPP, JJ., concur.

Judgment unanimously affirmed.