OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The issue here is whether the trial court improperly precluded the testimony of a defense witness. On August 21, 1995, defendant and the complainant, Makasi Knight, met by chance on Church Avenue in Brooklyn. Knight testified that upon reaching the defendant he calmly inquired about an alleged “slapping incident” that he believed had occurred five days earlier between the defendant and Knight’s girlfriend. According to Knight, the defendant did not respond but instead pulled out a knife, stabbed him in the torso and ran away. The defendant disputes this rendition of the facts. He asserts that on the evening of the stabbing, Knight purposefully crossed the street to confront him, blocked his path, yelled and swore at him, punched him in the stomach and at one point bent down in what appeared to be an attempt to reach a closed, zippered, black bag. It was at that moment, claims defendant, that he, in fear for his life, stabbed Knight with a kitchen knife. The defendant was convicted of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The Appellate Division affirmed the conviction.
On appeal, defendant contends that the trial court erred in precluding the testimony of a defense witness who would have corroborated his version of the “slapping incident.” According to the defendant, while at the hospital visiting his girlfriend and newborn child, he argued with Knight’s girlfriend over certain disparaging comments she had allegedly made about him. Knight testified that his girlfriend later told him that the defendant had slapped her during this altercation. The defendant denied slapping Knight’s girlfriend and sought to introduce the testimony of Dolores Simms, the mother of defendant’s girlfriend, who was present during the altercation and would have testified that no slap occurred. Defendant maintains that whether such a slap occurred was a material issue in the case and bore directly on his state of mind and the reasonableness of his use of deadly physical force. Specifically, a key premise of the defense theory was that since there had been no slap in the hospital room, the defendant would not *981 have been in a state of fear or paranoia at the prospect of encountering Knight so as to stage an unprovoked attack on Knight. Thus, argues defendant, the proffered testimony of a disinterested witness in support of his version of a material aspect of the case was not cumulative and did not merely bolster his case.
We disagree. The determination that proffered evidence addresses material or collateral issues in a case is made only after examining the particular circumstances of each case (see, People v Pavao, 59 NY2d 282, 288-289). As a general rule, the trial court is granted broad discretion in making evidentiary rulings precluding or admitting such evidence and, absent an abuse of discretion, a trial court’s decision should not be disturbed on appeal.
In the instant case, defendant does not deny stabbing the complainant. Instead the critical inquiry in the case was whether defendant’s use of deadly physical force was reasonable (see generally, Penal Law § 35.15). What did or did not happen at the hospital — the substance of Ms. Simms’s proposed testimony — was collateral because it was not relevant in establishing either the defendant’s state of mind (see, People v Miller, 39 NY2d 543, 551 [stating that defendant’s state of mind is a material issue where defense of justification is presented]) or the reasonableness of his use of deadly physical force in these circumstances (see, People v Goetz, 68 NY2d 96, 114-115; People v Wesley, 76 NY2d 555, 559 [in a justification defense case where the reasonableness of defendant’s use of deadly force is at issue, “(t)he critical focus must be placed on the particular defendant and the circumstances actually confronting him at the time of the incident.”]). Moreover, it is unlikely that Ms. Simms’s testimony would have contributed to the defendant’s defense. Defendant argued that Knight was the initial aggressor and that Knight was motivated by the events which allegedly transpired at the hospital. If anything, testimony establishing that defendant did not slap Knight’s girlfriend would have detracted from the theory that the victim attacked the defendant first. That the prosecution utilized the victim’s testimony in its summation in an attempt to establish the defendant’s motive does not alter our analysis in this case.
“In our adversary system, it is important to rivet the jury’s attention on the real issues at trial without undue diversion to collateral matters having little or no bearing on the guilt or innocence of the defendant” (People v Miller, supra, at 551). The prospective witness’s testimony was not probative on the issue *982 of whether defendant’s use of deadly physical force was justified and the trial court did not abuse its discretion in precluding such testimony.