■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS AYALA, Appellant. [717 NYS2d 538] —Judgment, Supreme

Court, Bronx County (Robert Straus, J.), rendered May 7, 1999, convicting defendant, after a jury trial, of assault in the first degree (two counts) and criminal contempt in the first degree, and sentencing him, as a second felony offender, to two concurrent terms of 18 years concurrent with a term of 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion when it denied defendant's request to introduce extrinsic evidence casting doubt on the truthfulness of the complainant's denial of making a certain phone call to defendant. This evidence was collateral because the question of whether or not this phone call was made was not probative of defendant's justification defense (*see, People v Aska*, 91 NY2d 979, 981).

The court properly exercised its discretion in denying defendant's request, made moments before trial was about to commence, for a psychiatric examination of defendant for the purpose of exploring the possibility of raising an insanity defense. Defendant did not establish good cause for assertion of an insanity defense at such a late stage of the proceedings (*see,* CPL 250.10 [2]). In any event, based on the entire record, we conclude that there is no reasonable possibility that defendant would have met his burden of proving that he lacked criminal responsibility by reason of mental disease or defect.

To the extent that defendant is raising constitutional claims with respect to the issues discussed herein, such claims are unpreserved and we decline to review them in the interest of justice. Were we to consider such claims, we would reject them. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.