◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIGNO VELAZQUEZ, Appellant. [733 NYS2d 605] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered November 23, 1998, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 years and 3½ to 7 years, respectively, unanimously affirmed.

The court properly exercised its discretion when it precluded defendant from testifying that on the night before the incident, he and the complainant argued about the complainant's drug use, since that argument was not relevant to any issue presented at trial (*see, People v Ayala*, 278 AD2d 123, *lv denied* 96 NY2d 780). The theory of admissibility raised by defendant for the first time on appeal contradicts the defense he raised at

trial. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review such claim, we would find no deprivation of defendant's right to present a defense.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks on summation generally constituted fair comment on the evidence in response to the defense summation and that they did not deprive defendant of a fair trial (*see, People v Overlee,* 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro,* 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Marlow, JJ.