Tyrone NOWLIN, Petitioner,

v.

Gary GREENE, Superintendent of Great Meadow Correctional Facility, Respondent.

No. 03 Civ. 9754(RJH).

United States District Court, S.D. New York.

Dec. 22, 2006.

Tyrone Nowlin, Coxsackie, NY, pro se.

## MEMORANDUM OPINION AND ORDER

HOLWELL, District Judge.

Petitioner Tyrone Nowlin brings this habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction for two counts of sexual abuse in the first degree, two counts of sodomy in the first degree, six counts of sexual abuse in the second degree, and two counts of endangering the welfare of a child. In his petition, he argues that: (1) his due process rights were violated when the trial court denied his for-cause challenge of a prospective juror; and (2) the trial court violated his right to a fair trial by admitting the limited testimony of two alleged prior victims and denying his motion for mistrial after the alleged victims testified beyond the scope permitted by the court.

On January 13, 2005, Magistrate Judge Douglas F. Eaton issued a Report and Recommendation (the "Report") recommending that the petition be denied in its entirety. Prior to issuing the Report, Magistrate Judge Eaton sent petitioner copies of requested cases and a June 16, 2004 order directing him to serve and file reply papers by August 16, 2004. (Report 2.) In his Objection to the Report (the "Objection"), petitioner states that he received neither the copies nor the order, and as a result did not file a reply.[1] (Objection 1–2.) After requesting and receiving two extensions of time to file the Objection, petitioner filed objections six days late. The Court will treat his objections as timely. For the reasons set forth below, the Court adopts the Report in its entirety and denies the petition.

## BACKGROUND

On September 24, 1999, following a jury trial in the Supreme Court of New York, Bronx County, petitioner was convicted of two counts of Sexual Abuse in the First Degree, N.Y. Penal Law § 130.65[3] (McKinney 2004), two counts of Sodomy in the Second Degree, N.Y. Penal Law § 130.45 (McKinney 2004), six counts of Sexual Abuse in the Second Degree, N.Y. Penal Law § 130.60[2] (McKinney 2004), and two counts of Endangering the Welfare of a Child, N.Y. Penal Law § 260.10[1] (McKinney 1999).

As a second-time felony offender, defendant was sentenced to two determinate terms of seven years imprisonment on the first-degree sexual abuse counts, determinate terms of one year imprisonment on each of the six second-degree sexual abuse

---

1. In support of his contention that he did not receive Judge Eaton's June 16, 2004 scheduling order, petitioner attaches as Exhibit 1 to his Objection a document that purports to be the response by the Great Meadow Correctional Facility to petitioner's FOIL requestion for any record of "legal mail" from the United States District Court in June or July of 2004.

counts and on each of the child endangering counts, and indeterminate terms of three and one-half to seven years imprisonment on each of the sodomy counts. The sentences for first-degree sexual abuse were imposed to run consecutively to each other. The sentences for sodomy were imposed to run concurrently, but consecutively to the first-degree sexual abuse sentences. Otherwise, the sentences were imposed to run concurrently for an aggregate term of imprisonment of twenty-one years.

The facts underlying this petition are discussed in greater detail in the Report, familiarity with which is presumed, and which is attached herewith for ease of reference. A brief summary of the facts, however, follows here.

### 1. Facts Underlying Petitioner's Prospective Juror Claim

During jury selection, one prospective juror told the court that she had been sexually abused as a child. (Aug. 16, 1999 Tr. 118.) After being questioned by the court, the prospective juror stated that she could be fair and impartial despite her personal experience. (*Id.* at 118–20.) The prospective juror again stated her ability to be fair during the prosecutor's questioning. (*Id.* at 142–43.) Petitioner challenged this prospective juror for cause, but the court denied the challenge. (*Id.* at 163–64.) After using a peremptory challenge against her, petitioner exhausted his peremptory challenges before the completion of jury selection. (*Id.* at 259.)

### 2. Facts Underlying Petitioner's Prejudicial Testimony and Mistrial Claims

Before the start of the trial, after a full hearing pursuant to *People v. Molineux,* 168 N.Y. 264, 61 N.E. 286 (1901), the court gave the prosecution permission to present the testimony of two twenty-three-year-old males who alleged that petitioner had sexually molested them when they were approximately twelve years old. The prosecution stated that the purpose of this testimony was to show petitioner's intent with respect to the pending case and to refute the defense of mistake or accident. (Aug. 16, 1999 Tr. 167–69.) Later, the court clarified that the evidence was only admissible as to the sexual abuse charges, and was not applicable to the charges of sodomy and endangering the welfare of a child, with respect to which the defense of mistake or accident was inapplicable. (Aug. 17, 1999 Tr. 268–69.) The prosecutor informed the trial court that she would instruct one adult witness not to mention that petitioner sodomized him, and would instruct the other adult witness not to reveal that petitioner placed him in handcuffs. (Aug. 20, 1999 Tr. 566–70.) Before either witness testified, the court instructed the jury regarding the limited purpose of the testimony. (*Id.* at 574–77.)

Both witnesses testified that defendant had fondled them and briefly mentioned the matters they had been directed not to discuss. The court gave another limiting instruction following the prosecutor's direct examination of the first witness. (*Id.* at 588.) After the direct examination of the second adult witness, petitioner moved for a mistrial. (*Id.* 602–03.) The court denied this motion. (*Id.* at 603–04.) During the court's final instructions to the jury, it gave a further cautionary instruction explaining the limited purpose of the testimony and instructing the jury to disregard the disallowed testimony. (Aug. 23, 1999 Tr. 692–716; Aug. 24, 1999 Tr. 778–81).

### 3. Appellate History

After the jury convicted petitioner of sexual abuse, sodomy, and endangering

the welfare of a child, petitioner appealed on Sixth and Fourteenth Amendment grounds. Petitioner argued that (1) he was denied his due process rights when the court denied his challenge for cause of a prospective juror; and (2) it was error for the court to admit the testimony of the two adults and deny the motion for mistrial. With respect to petitioner's claims, the New York Appellate Division, First Department, held that (1) "the record supports the court's determination that the prospective juror, who herself had been abused as a child, gave the requisite unequivocal assurance of impartiality"; and (2) "[n]one of the evidence at issue deprived defendant of a fair trial, particularly in light of the court's thorough instructions to the jury." *People v. Nowlin*, 297 A.D.2d 554, 747 N.Y.S.2d 92, 93 (N.Y.App. Div.2002). The New York Court of Appeals denied petitioner leave to appeal. *People v. Nowlin*, 98 N.Y.2d 770, 752 N.Y.S.2d 11, 781 N.E.2d 923 (N.Y.2002). This petition and Magistrate Judge Eaton's Report recommending that it be denied followed.

## STANDARD OF REVIEW

A district court may designate a magistrate to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *Id.*

Although petitioner claims that he did not receive Magistrate Judge Eaton's order directing him to submit a reply brief, petitioner did receive the Report on January 18, 2005 and eventually submitted Objections. (Objection 2.) Petitioner was able to raise the arguments in his untimely objections that he would have presented in his reply papers. The Court, as noted above, will treat his objections as timely.

■ Reviewing courts should review a report and recommendation for clear error where objections are "merely perfunctory responses," argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Vega v. Artuz*, No. 97 Civ. 3775(LTS), 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.30, 2002); *accord Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). Where objections to a report are "specific and ... address only those portions of the proposed findings to which the party objects," district courts should conduct a de novo review of the issues raised by the objections. *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F.Supp. 380, 381–82 (W.D.N.Y.1992); *see also* Fed.R.Civ.P. 72(b).

■ In his Objections, petitioner again argues that his Sixth Amendment right to a trial free from bias or prejudice was violated when he was forced to use his last preemptory challenge to excuse a prospective juror that, according to petitioner, ought to have been dismissed for cause. He further argues, again, that the trial court's failure to exclude the two adults and later refusal to grant a mistrial after the two adults testified contrary to the limiting instructions was error under the Federal Rules of Evidence. Petitioner's objections do no more than repeat the arguments made in his original petition and would ordinarily be subject to review only for clear error. Nevertheless, because petitioner asserts that he did not have the opportunity to file a reply brief in support of his petition, the Court will undertake a de novo review of petitioner's claims.

## DISCUSSION

Petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (Apr. 24, 1996). Thus, the applicable standard of review is governed by AEDPA as codified in 28 U.S.C. § 2254(d). *See Torres v. Berbary*, 340 F.3d 63, 67–68 (2d Cir.2003); *Vasquez v. Strack*, 228 F.3d 143, 147 (2d Cir.2000). Under AEDPA, a federal court may grant a petition for habeas corpus, notwithstanding contrary state court adjudication on the merits, in accordance with the following provisions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

■ With regard to the issue of a prospective juror's bias, the Magistrate Judge correctly found no error under federal law. (Report 3–5.) Although the trial judge refused to excuse the juror in question for cause, petitioner excused her using one of his peremptory challenges. The Report cites the Supreme Court's holding in *Ross v. Oklahoma*, which "reject[ed] the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury" and held that a peremptory challenge removes a juror "as effectively as if the trial court had excused him for cause." 487 U.S. 81, 86, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988); (Report 4–5 (quoting same)). In his Objection, the petitioner argues that it was a violation of his Sixth Amendment right to an impartial jury for him to have had to use a peremptory challenge to remove a biased juror. (Objection 3.) The Magistrate Judge squarely addressed this argument in the Report and correctly concluded that, under *Ross*, there was no error in petitioner's having had to use a peremptory challenge to excuse the juror.

■ Petitioner's claim that it was constitutional error for the trial court to allow the alleged prior victims to testify against him is also without merit. The question of whether or not the testimony was permissible arose under state evidentiary law. Ordinarily, state court rulings on evidentiary matters are matters of state law and "are not reviewable by a habeas court unless the errors alleged are so prejudicial as to constitute fundamental unfairness." *Rosario v. Kuhlman*, 839 F.2d 918, 924–25 (2d Cir.1988); *see also Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that a federal court conducting habeas review "is limited to deciding whether the conviction violated the Constitution, laws or treaties of the United States"); *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir.) *cert. denied*, 525 U.S. 840, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998) ("The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice.' "). That is a "heavy burden, for 'generally, rulings by state trial courts on evidentiary issues, even if erroneous, do not rise to the level of a constitutional violation.' " *Bonet v. McGinnis*, No. 98 Civ. 6529(HB), 2001 U.S. Dist. LEXIS

10629, 2001 WL 849454, at *2 (S.D.N.Y. July 27, 2001).

██ ██ To determine whether there has been a constitutional violation, the Court must consider whether the evidentiary ruling was proper under state law, and if not, whether the error deprived petitioner of a fundamentally fair trial. *See, e.g., Dey v. Scully,* 952 F.Supp. 957, 969 (E.D.N.Y. 1997) ("[T]he Court engages in a two part analysis, examining 1) whether the exclusion [of evidence] was error under state law, and 2) whether the error amounted to the denial of the constitutional right to a fundamentally fair trial."). As the Appellate Division correctly held, there was no error in admitting evidence of prior bad acts. *People v. Nowlin,* 297 A.D.2d 554, 747 N.Y.S.2d 92, 93 (N.Y.App.Div.2002). While under New York state law, such evidence may not be introduced for the purpose of showing defendant's propensity to commit the crime charged, it has long been admitted for other purposes, including to show intent or lack of mistake. *See Molineux,* 61 N.E. at 295; *People v. Basir,* 179 A.D.2d 662, 578 N.Y.S.2d 603, 605 (N.Y.App.Div.1992) ("Particularly in cases involving child abuse, evidence of prior bad acts is highly relevant to establish lack of mistake or accident."); *People v. Bagarozy,* 132 A.D.2d 225, 522 N.Y.S.2d 848, 854 (N.Y.App.Div.1987) ("In the trial of sex offenses, extrinsic evidence of intent is admissible only in those cases where there is no challenge to the occurrence of the physical contact itself, but the intent of the actor is at issue because the nature of the contact is subject to varying interpretations."); *People v. Young,* 99 A.D.2d 373, 472 N.Y.S.2d 802, 803 (N.Y.App.Div.1984) (evidence of prior sexual contact between father and daughter properly admitted where intent was at issue). Because petitioner asserted as a defense that the alleged acts of sexual abuse were accidental, evidence of prior instances of sexual abuse was clearly relevant for these purposes. Indeed, while the trial court limited the testimony of the witnesses to certain aspects of two prior instances of sexual abuse, presumably concluding that the prejudicial impact of additional details outweighed their probative value, it would not have been an abuse of discretion had the trial court admitted evidence of a prior instance of sodomy or the use of handcuffs on a minor to show a lack of mistake. *See People v. Aska,* 91 N.Y.2d 979, 674 N.Y.S.2d 271, 697 N.E.2d 172, 173 (1998) (trial court's evidentiary rulings reviewed for abuse of discretion). Therefore, the Court rejects petitioner's claim that admission of the contested portion of the testimony of prior victims was constitutional error.[2]

██ Assuming, arguendo, that the testimony regarding sodomy and the use of handcuffs was unduly prejudicial, the question remains whether the court's immediate curative instruction and later cautionary jury instruction sufficiently allayed the risk of prejudice. (Report 8.) In light of the trial court's thorough curative instruc-

---

**2.** It is also worth reiterating the Report's observation that had petitioner been tried in federal court on a child molestation charge, Rule 414(a) of the Federal Rules of Evidence would have permitted "evidence of the defendant's commission of another offense or offenses of child molestation" for "any matter to which it [was] relevant." This includes using such evidence to show defendant's "propensity" to commit child molestation offenses. *See United States v. Larson,* 112 F.3d 600, 604 (2d Cir.1997). Thus, evidence of prior instances of sexual abuse and sodomy would have been admissible even had petitioner not raised a defense of mistake, strongly undermining any argument that the admission of the witnesses' testimony as to prior instances of sexual abuse and sodomy violated clearly established federal law. (Report 10.)

tions, and the "crucial assumption underly-
ing [the jury] system … that juries will
follow the instructions given them by the
trial judge," the decision to deny the mo-
tion for mistrial did not deprive petitioner
of a fundamentally fair trial. *Parker v.
Randolph,* 442 U.S. 62, 73, 99 S.Ct. 2132,
60 L.Ed.2d 713 (1979); *see Wilson v. Sen-
kowski,* No. 02 Civ. 0231(HB)(AJP), 2003
U.S. Dist. LEXIS 7583, 2003 WL
21031975, at 3 (S.D.N.Y. May 7, 2003)
(Peck, M.J.) (stating that habeas petitioner
is entitled to habeas relief on claim based
upon a state court's failure to grant motion
for mistrial "only where [the] petitioner
can show that the error deprived [him] of a
*fundamentally fair* trial." (quoting *Rosar-
io v. Kuhlman,* 839 F.2d 918, 925 (2d
Cir.1988))); *see also, e.g., Arizona v.
Washington,* 434 U.S. 497, 510–11, 98 S.Ct.
824, 54 L.Ed.2d 717 (1978) (a trial court's
determination of whether to declare a mis-
trial is accorded "the highest degree of
respect"). Petitioner does not argue that
the trial court's curative instructions were
in any way deficient, but instead suggests
that since the witnesses did not follow the
court's instructions to avoid certain details
when testifying, the jury likewise might
not have followed the court's curative in-
struction (Objection 5.) However, without
more, such suspicion does not overcome
the presumption, correctly stated in the
Report, that the jury followed the judge's
instructions. *See Greer v. Miller,* 483 U.S.
756, 767 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d
618 (1987) ("We normally presume that a
jury will follow an instruction to disregard
inadmissible evidence inadvertently pre-
sented to it, unless there is an overwhelm-
ing probability that the jury will be unable
to follow the court's instructions, and a
strong likelihood that the effect of the
evidence would be devastating to the de-
fendant." (citations and quotations omit-
ted)).

## CONCLUSION

Having reviewed petitioner's claims de novo and found, as did Magistrate Judge Eaton, that they lack merit, the Court adopts the Report over the petitioner's objections. The petition is denied. The Court further adopts Magistrate Judge Eaton's recommendation that, as a privacy protection to the prospective juror and the two adult witnesses, the trial transcript be returned directly to the Bronx District Attorney's Office. (Report 2 n. 1.) Peti-tioner has not made a substantial showing of a denial of a federal right, *see Tankleff v. Senkowski,* 135 F.3d 235, 241 (2d Cir. 1998), and the Court therefore declines to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to dismiss the petition and close this case.

SO ORDERED.