Judgment, Supreme Court, New York County (Carol Berk-man, J., at severance motion; Analisa Torres, J., at jury trial and sentencing), rendered November 24, 2010, as amended January 12, 2011, convicting defendant of sexual abuse in the first degree and course of sexual conduct against a child in the second degree, and sentencing him to an aggregate term of nine years, unanimously affirmed.
Defendant did not preserve his challenge to evidence regarding an uncharged incident of improper conduct toward one of the victims, and we decline to review it in the interest of justice. As an alternative holding, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The arresting detective’s brief testimony that he knew certain pedigree information about defendant before the arrest was likewise harmless. The record does not support defendant’s assertion that the prosecutor deliberately elicited this testimony.
The court properly exercised its discretion in denying defendant’s mistrial motion, made when the mother of one of the victims volunteered uncharged crime evidence while being cross-examined by defense counsel. The drastic remedy of a mistrial *531 was not warranted, because the curative instruction that the court provided in accordance with defense counsel’s request was sufficient to prevent defendant from being prejudiced (see People v Santiago, 52 NY2d 865 [1981]).
The court properly exercised its discretion in precluding defendant from inquiring into whether the father of one of the victims raped the mother of the other victim, years before the children were born. The proffered evidence was collateral to the charges that defendant sexually abused the two victims (see People v Aska, 91 NY2d 979, 981 [1998]), and defendant’s theory of third-party culpability is speculative and meritless (see People v Gamble, 18 NY3d 386, 398-399 [2012]). Since defendant never asserted a constitutional right to introduce this evidence, his constitutional claim is unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
The motion court properly exercised its discretion in denying defendant’s severance motion. The counts were properly joined as “similar in law” pursuant to CPL 200.20 (2) (c), and defendant did not make a sufficient showing to warrant a discretionary severance (see CPL 200.20 [3]; People v Lane, 56 NY2d 1, 8 [1982]; People v Streitferdt, 169 AD2d 171, 176 [1991], lv denied 78 NY2d 1015 [1991]). Concur — Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.