People v Jordan (2019 NY Slip Op 00187)





People v Jordan


2019 NY Slip Op 00187


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8083 3019N/15 271N/16

[*1]The People of the State of New York, Respondent,
v
Brian Jordan, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at suppression proceedings; Abraham L. Clott, J. at jury trial and sentencing), rendered August 10, 2016, convicting defendant of four counts each of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia, and sentencing him to an aggregate term of five years, unanimously affirmed.
The court providently exercised its discretion in precluding a defense witness from testifying that, during the search of one of the two apartments at issue, an unidentified officer stole cash from a room other than the one where contraband was recovered. The officer who testified about the search of the apartment was cross-examined about this allegation and denied taking any money. In offering extrinsic evidence of any alleged theft, defendant made no claim that the testifying officer was the unidentified thief, or that the proffered evidence of the theft tended to impeach the credibility of any testimony; instead, defendant claimed that the proffered evidence undermined the overall integrity of the search operation. However, this evidence had no bearing on whether the testifying officer recovered drugs and drug paraphernalia from the apartment, and thus it would have diverted the jury's attention to "collateral matters having little or no bearing on the guilt or innocence of the defendant" (see People v Aska, 91 NY2d 979, 981 [1988]). Defendant has not preserved his claim that the court's ruling deprived him of his constitutional right to present a defense (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
The court providently exercised its discretion when it discharged a sworn juror who had overheard the defense witness talking on a cell phone about the above-discussed evidence, which the court had excluded. Although defendant objected to discharging the juror, and made a vague reference to a further inquiry, he did not preserve his claim that the court was obligated to inquire into whether this incident would have affected the juror's impartiality, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The court acted within its discretion, because "the jury must reach its verdict solely on evidence received in open court, not from outside sources" (People v Arnold, 96 NY2d 358 [2001] [internal quotation marks omitted]).
Based on our in camera review of the minutes of a hearing conducted pursuant to People v Darden (34 NY2d 177 [1974]), we find no basis for suppression. Probable cause for the issuance of a search warrant was established through police-supervised drug purchases made by a [*2]reliable confidential informant. We have considered and rejected defendant's requests for further relief relating to the sealed minutes.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK