People v Arnoat (2020 NY Slip Op 05301)





People v Arnoat


2020 NY Slip Op 05301


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 2751/16 Appeal No. 11933 Case No. 2018-2514 

[*1]The People of the State of New York, Respondent,
v
Ruddy Arnoat, Defendant-Appellant.


Randall D. Unger, Kew Gardens, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered October 19, 2017, convicting defendant, after a jury trial, of sexual abuse in the first degree and endangering the welfare of a child, and sentencing him to concurrent terms of 4½ years and 1 year, respectively, unanimously affirmed.
The court providently exercised its discretion in denying defense motions for a mistrial following two brief allusions to uncharged misconduct by defendant (see People v Ruiz, 171 AD3d 486 [1st Dept 2019], lv denied 33 NY3d 1073 [2019]). The court gave a prompt, appropriate curative instruction in one instance, and defense counsel declined to have such an instruction given in the other. The court addressed the issue in a manner sufficient to alleviate any potential prejudice, and the drastic remedy of a mistrial was not warranted (see People v Garcia, 110 AD3d 530 [1st Dept 2013]).
Defendant's argument that a police detective improperly testified regarding his opinion of the child victim's credibility is unpreserved and waived, as defendant not only failed to object to the testimony, but also deliberately elicited it in an effort to demonstrate that the detective's uncritical acceptance of the victim's story led to an inadequate investigation (see People v Morales, 86 AD3d 147, 164 [1st Dept 2011], revd in part on other grounds 20 NY3d 240 [2012]; People v Semidey, 254 AD2d 57, 58 [1st Dept 1998], lv denied 92 NY2d 985 [1998]).
Defendant's claim that the prosecutor engaged in misconduct in summation is unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we find that it lacks merit. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020