**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

December 12, 2024

Stephen A. Spence
Meluney Alleman & Spence, LLC
1143 Savannah Road, Suite 3-A
Lewes, DE 19958

Jeremy D. Anderson
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

RE: *Loxly Epie v. Herakles Farms, LLC*,
C.A. No. 2020-0999-SG

Dear Counsel:

Plaintiff in this matter seeks the nullification of the Certificate of Cancellation of Herakles Farms, LLC (the "LLC") and the appointment of a receiver for the LLC, and thus, to reconstitute the juridical existence of the LLC, a dissolved Delaware limited liability company. Plaintiff's purpose is to domesticate and satisfy a judgement against the LLC, based upon an award in favor of the Plaintiff and against "Herakles Farms" from the High Court of Fako Division Holden at Buea in Cameroon (the "Cameroon Judgment"). The principal issue before me is standing—that is, does the Cameroon Judgment run against the LLC (such that failure to account for it during the winding down process of the LLC amounted to a statutory violation)? The parties have placed this before me on a paper record.

Upon review, I will require additional briefing on two issues. First, the Supreme Court of the State of New York, New York County, by a 2018 order

domesticated the Cameroon Judgment and directed the Clerk of Court for the County of New York to enter a money judgment against the LLC.[1] Apparently, the issue of whether the LLC was the proper party against which the Cameroon Judgment ran (the precise issue before me now) has been litigated in the prior New York action, and resolved in favor of Plaintiff. The Appellate Division of the Supreme Court of the State of New York, First Judicial Department, reversed and vacated the New York trial court's order in 2020, however, based solely on the dissolved status of the LLC.[2] What issue preclusive effect, if any, is due to the New York trial court order? Second, who bears the burden of showing that there exist assets to be recouped in any successful subsequent action to enforce the Cameroon Judgment? That is, are there assets of the LLC sufficient to justify the nullification and appointment Plaintiff seeks, and what is the state of the record on this issue?

The parties should confer and submit a form of order setting out a schedule for the submission of supplemental memoranda on these issues, or, alternatively, explain why the issues are not pertinent here. Please respond by January 10, 2025.

---

[1] Granted (Pre-Trial Stipulation and [Proposed] Order) ¶ N, Dkt. No. 79.
[2] *See id.* ¶ P; *Epie v. Herakles Farms, LLC*, 129 N.Y.S.3d 767 (N.Y. App. Div. Oct. 1, 2020).

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

cc:    All counsel of record (by *File & ServeXpress*)