■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ORTIZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY COLON, Appellant. [656 NYS2d 259] —Judgments, Supreme Court, New York County (Clifford Scott, J.), rendered October 5, 1993, convicting each defendant, after a jury trial, of murder in the second degree (2 counts), attempted murder in the second degree (2 counts), assault in the first degree (2 counts), criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing each defendant to consecutive terms of 25 years to life on each murder conviction, to run concurrently with concurrent terms of $8^1/3$ to 25 years on each attempted murder and criminal use of a firearm conviction, 5 to 15 years on each assault and second-degree weapon possession conviction, and $2^1/3$ to 7 years on the third-degree weapon possession conviction, unanimously affirmed.

Defendants' guilt was established beyond a reasonable doubt and was not against the weight of the evidence (*see, People v Gaimari*, 176 NY 84, 94). Issues relating to the credibility of witnesses were properly presented to the jury and we see no reason to disturb its findings.

Defendant Ortiz's admission by silence of the truth of defendant Colon's statement concerning Ortiz's participation in the crime was properly received in evidence (*People v Lourido*, 70 NY2d 428). Ortiz's unpreserved argument that his silence was due to fear of Colon is speculative and would affect the weight of the evidence rather than its admissibility.

Evidence of the extensive involvement in the drug trade, and accompanying criminal activity, of defendants, their victims, and the People's witnesses, was properly admitted. This evidence constituted background evidence, established defendants' identity as perpetrators, provided a motive for the crime, offered an explanation for why defendants confessed to the informants, and was inextricably interwoven with the charged crimes (*People v Alvino*, 71 NY2d 233, 242-243; *People v Molineux*, 168 NY 264).

Probable cause existed for the search warrant pursuant to

which defendant Colon's van was subsequently seized (*see, People v Rodriguez*, 52 NY2d 483).

We find no evidence of a pattern of court hostility or bias against the defense. We conclude that the court, after sufficient inquiry of participants in the trial other than jurors, properly determined that the jurors were unable to hear a comment by the son of a witness who had completed her testimony, and thus properly declined to question the jurors.

We discern no abuse of sentencing discretion.

We have considered both defendants' remaining arguments, including those contained in the *pro se* supplemental brief, and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.