■ In the Matter of ROBERT T. JOHNSON, Petitioner, v FRANK TORRES et al., Respondents. [688 NYS2d 11] —Petition pursuant to CPLR article 78 for a writ of prohibition to prohibit the Honorable Frank Torres from enforcing an order directing petitioner to conduct a lineup, during trial, in the action entitled *People v Santos Alvarez*, and for a writ of mandamus to direct the respondent Justice to compel respondent Santos Alvarez to appear in court for the purpose of in-court identification, unanimously denied and the proceeding dismissed, without costs.

The People have the right to compel a defendant in a criminal case to be present in court for the purpose of an in-court identification. (*People v Winship*, 309 NY 311, 313-314; *see also, People v Scarola*, 71 NY2d 769, 779.) The respondent Justice's order to petitioner, the District Attorney, compelling petitioner to provide "fillers" for a lineup to be conducted during the trial of Santos Alvarez was without foundation in law.

However, it is clear that article 78 prohibition and mandamus are available only when there is an "unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action of proceeding" (*Matter of*

*State of New York v King,* 36 NY2d 59, 64). An article 78 proceeding is simply unavailable to correct a trial error of substantive law or procedure, however grievous it may be. (*La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968; *Matter of Veloz v Rothwax,* 65 NY2d 902; *Matter of Mulvaney v Dubin,* 55 NY2d 668.) Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.