THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE ROBINSON, Appellant. [778 NYS2d 151]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., on lineup order; James A. Yates, J., at hearing; Edward J. McLaughlin, J., at plea and sentence), rendered May 14, 2002, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.

On defendant's appeal from his first conviction (282 AD2d 75 [2001]), this Court suppressed defendant's original lineup identifications on Fourth Amendment grounds and directed an independent source hearing and retrial. Upon remand, the People obtained a court order for new lineups involving some of the witnesses who had viewed the original lineups.

The record supports the hearing court's independent source findings (see *Neil v Biggers*, 409 US 188, 199-200 [1972]; *People v Williams*, 222 AD2d 149 [1996], lv denied 88 NY2d 1072 [1996]). We particularly note that during the robberies each witness had an ample opportunity to observe defendant, and that each witness was able to accurately describe him. The record does not support defendant's assertion that the witnesses were unable to see the robber's face. We have considered and rejected

defendant's remaining arguments concerning the independent source issue.

The hearing court also properly denied defendant's motion to suppress the court-ordered lineups that followed our remand. The record, including the lineup photographs, establishes that defendant, who was represented by counsel, was surrounded by fillers of reasonably similar appearance and that there was no substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). There is no evidence that the behavior of one of the fillers called any undue attention to defendant (*see People v Howard*, 130 AD2d 384 [1987], *lv denied* 70 NY2d 648 [1987]).

Furthermore, defendant is not entitled to suppression on the ground that the court-ordered lineups should have been conducted in sequential fashion and been preceded by lineups in which he was not a participant, as he had requested. We know of no authority for the proposition that failure to employ the type of procedures defendant has advocated may be a basis for suppression of a lineup (*see Matter of Thomas*, 189 Misc 2d 487, 490-491 [2001]). Under existing authority, the only issue is whether the subject lineups were unduly suggestive. Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.