■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ROBLES, Appellant. [792 NYS2d 448]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J., at hearing; James A. Yates, J., at plea and sentence), rendered July 18, 2003, convicting defendant of assault in the second degree and sentencing him, as a second violent felony offender, to a term of five years, unanimously reversed, on the law, the motion to suppress granted, the plea vacated and the matter remanded for further proceedings.

In *People v Mitchell* (2 NY3d 272 [2004]), the Court of Appeals recently held that: "Even before the commencement of formal proceedings . . . the right to counsel at an investigatory lineup will attach in either of two circumstances. The first is when counsel has actually entered the matter under investigation. The second is when a defendant in custody, already represented by counsel on an unrelated case, invokes the right by requesting his or her attorney. *Once the right to counsel has been triggered, the police may not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording the lawyer a reasonable opportunity to appear. A specific request that the lineup not proceed until counsel is so notified need not be made.*" (At 274-275 [emphasis added].)

In the matter at bar, the hearing court credited the testimony of the arresting police officer, who stated, during direct and cross-examination, that an attorney had contacted him on June 18, 2002 and informed him that he was representing defendant and was attempting to have him surrender. Yet, when defendant did turn himself in two days later, the officer admittedly made no effort to contact the attorney prior to the lineup, conducted almost six hours after defendant's surrender. Accordingly, under the Court of Appeals ruling in *People v Mitchell* (*supra*), we are compelled to grant defendant's motion to suppress the lineup identification, and vacate his plea. Concur—Tom, J.P., Saxe, Ellerin, Nardelli and Sweeny, JJ.