■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BROOKS, Appellant. [834 NYS2d 527]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered January 13, 2005, convicting defendant, after a jury trial, of two counts of sodomy in the first degree, three counts of sexual abuse in the first degree and two counts of endangering the welfare of a child, and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

The court properly permitted the victims' grandmother to make an in-court identification of defendant, where she had not participated in any pretrial identification procedures, but had spontaneously recognized defendant when she inadvertently

saw him in custody in a courthouse hallway earlier in the trial. The only preserved issue in this regard is the propriety of the court's discretionary denial of defendant's request for an in-court lineup. We conclude that the court properly exercised its discretion in denying that request (*see People v Benjamin*, 155 AD2d 375 [1989], *lv denied* 75 NY2d 867 [1990]). The record, including the midtrial hearing that the court conducted after learning of the witness's courthouse encounter with defendant, establishes her ability to make a reliable identification. Defendant's claim that he was entitled, as a matter of due process, to an in-court lineup or preclusion of any in-court identification by this witness, is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it since the witness's spontaneous recognition of defendant and her in-court identification were reliable.

The court properly exercised its discretion in ruling that, if defendant's wife were to testify as an alibi witness, she could be cross-examined, with strict limitations and an accompanying jury instruction, regarding her possible bias in remaining loyal to defendant through his long incarceration on a rape conviction (*see People v Quinones*, 26 AD3d 167 [2006], *lv denied* 6 NY3d 837 [2006]; *People v Marrero*, 12 AD3d 172 [2004], *lv denied* 4 NY3d 746 [2004]). Such cross-examination, which never occurred because defendant's wife did not testify, would not have constituted impeachment of an alibi witness by way of a defendant's criminal record. The probative value of such cross-examination would, in the particular circumstances presented, have outweighed its prejudicial effect. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's ruling did not violate defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.