OPINION OF THE COURT
Martin Marcus, J.
In this case, after a witness identified the defendant’s photograph using the New York City Police Department’s photo manager system, the witness again identified the defendant in an investigative lineup conducted in violation of the defendant’s right to counsel. Acknowledging that the lineup identification must be suppressed, the People now apply for an order pursuant to CPL 240.40 (2) (b) (i) directing the defendant to appear in a second, postindictment lineup.[1] For the reasons set forth below, a hearing will be held to determine the fairness of the prior lineup, and whether the witness has a source independent of that lineup to make an identification in the proposed second one. If the court determines that the prior lineup was not unduly suggestive, and that the witness has such an independent source, the People’s application will be granted.
The defendant is charged with robbery in the second degree and related crimes, based on allegations that on November 1, 2010, he forcibly stole a belt from the complainant and in the course of the robbery caused the complainant physical injury. *383 According to the People’s motion papers, on November 2, 2010, the day after the robbery, Detective Allan Offley of the 42nd Precinct requested that the complainant view photographs in the New York City Police Department’s photo manager system. The complainant did so and selected a photograph of the defendant as the person who assaulted and robbed him. On November 4, 2010, three days after the robbery, the defendant’s attorney notified Detective Offley that she represented the defendant in this matter and provided Detective Offley with her cell phone and office numbers.
On November 12, 2010, 11 days after the robbery, the defendant was arrested and placed in a lineup. Because Detective Offley was not on duty that day, Detective Shane Rogers conducted the lineup, but did so without first notifying the defendant’s attorney. When the complainant viewed the lineup, he again selected the defendant as the person who had robbed him. In his arrest report, Detective Rogers stated that he had been “informed that [the defendant] was being represented by a lawyer and not to question [him].”[2] Although aware that the defendant had counsel, Detective Rogers has told the People that he did not think it was necessary to notify her of the lineup because the defendant never asked to have her present for it.
Generally, at “a prearraignment lineup occurring before the filing of an accusatory instrument, defendant’s right to counsel ha[s] not attached.” (People v Chipp, 75 NY2d 327, 335 [1990]; see People v Hernandez, 70 NY2d 833, 835 [1987] [“There is no Federal or State constitutional right to counsel for an accused at a preindictment lineup”].) However, “[e]ven before the commencement of formal proceedings . . . the right to counsel at an investigatory lineup will attach . . . when counsel has actually entered the matter under investigation.” (People v Mitchell, 2 NY3d 272, 274 [2004]; see People v Robles, 17 AD3d 136 [1st Dept 2005].)
When a suspect is thus represented, a specific request is not necessary to trigger the obligation to notify the suspect’s attorney. For example, in People v LaClere (76 NY2d 670 [1990]), *384 the defendant was arrested following his court appearance on an unrelated case. During the court appearance, at the request of the defendant’s attorney, the judge advised the arresting officers that the attorney also represented the defendant on the new matter for which he was to be arrested. When a lineup was later held without notice to the attorney, the Court of Appeals suppressed the resulting identification, reasoning that requiring the defendant “to personally utter a request for his counsel’s presence at the lineup [was] too restrictive and mechanistic . . . .” (LaClere, 76 NY2d at 673.) As the Court of Appeals subsequently made clear, knowledge that a suspect is represented by counsel triggers the obligation to give notice to the attorney, even in the absence of a judicial admonition like that in LaClere. (See People v Wilson, 89 NY2d 754, 759 [1997].) Accordingly — and as the People concede — the identification made in the lineup Detective Rogers conducted must be suppressed.
Rather than ask for a hearing in which they might establish that the witness has a source independent of the lineup sufficient to permit him to make an incourt identification (see Neil v Biggers, 409 US 188, 199-201 [1972]; People v Jackson, 74 NY2d 787, 789 [1989]), the People ask for an order compelling the defendant to appear in a second lineup, now more than a year after the first one. In support of their request, they cite People v Robinson (8 AD3d 95 [1st Dept 2004]). In Robinson, on appeal from the defendant’s original conviction, lineup identifications had been suppressed and a new trial ordered, based on a finding that the lineups had been conducted after the defendant was unlawfully arrested without probable cause. (See People v Robinson, 282 AD2d 75 [1st Dept 2001].) Before the retrial, the court ordered new lineups in which the defendant was again identified. Evidence of the second set of lineups was presented in the retrial, and the defendant was again convicted. (See Robinson, 8 AD3d at 95.)
It does not appear that on appeal from his second conviction the defendant directly challenged the propriety of the trial court’s order that the second set of lineups be conducted. (See id.) The defendant did, however, argue that the new identifications should be suppressed “because they were unduly suggestive and the witnesses remembered him from his first trial and the line-up identification proceedings conducted prior to the first trial.” (Robinson v Miller, 2010 WL 1685552, 2010 US Dist LEXIS 40586 [SD NY 2010] [denying petition for writ of habeas corpus].) The First Department affirmed the defendant’s convic *385 tion and rejected the defendant’s arguments, upholding the trial court’s finding that the second set of lineups were not unduly suggestive and that the observations the witnesses made during the crime provided them with an independent source for making their identifications. (See Robinson, 8 AD3d at 95.)
Here, the defendant opposes the People’s request for a second lineup. He argues that permitting the complainant to view him again, after seeing his photograph in the computer, and after viewing him in the lineup, would in and of itself be impermissibly suggestive and would undermine the reliability of any resulting identification.[3] For this proposition, he cites, inter alia, Foster v California (394 US 440 [1969]), in which the Supreme Court found the identification procedures at issue unduly suggestive. In Foster, the only eyewitness to a robbery made an uncertain identification of the defendant in a lineup, then made a second uncertain identification of him in a one-on-one confrontation in a room with prosecutors, and finally, after viewing him in another lineup, announced that he was “ ‘convinced’ ” that his identification was correct. (Id. at 441-442.)
The procedures in Foster were not unduly suggestive, however, merely because there were several of them. The first procedure was, in and of itself, suggestive because it was a lineup in which the defendant “stood out from the other two men by the contrast of his height and by the fact that he was wearing a leather jacket similar to that worn by the robber.” (Foster, 394 US at 443.) The second was also independently objectionable because it was a one-on-one procedure, a practice the Court noted “ha[d] been widely condemned.” (Id. [internal quotation marks and citation omitted].) And holding the second lineup, after the first two uncertain identifications, “made it all but inevitable that [the witness] would identify petitioner whether or not he was in fact ‘the man.’ ” (Id.) In this case, however, no determination has been made whether either of the prior procedures was unduly suggestive, and there is no indication that the witness was uncertain about either of his prior identifications.
*386 The defendant contends that displaying him yet again to the complainant would not only be unduly suggestive, but would also increase his confidence in his identification of the defendant without increasing its reliability, further introduce “mug shot” bias, and risk effecting the accuracy of the identification with postevent information and by unconscious transference. For these propositions, the defendant cites the various cases in which the Court of Appeals has found error in a trial court’s refusal to permit, or at least consider, expert testimony relating to such matters. (See People v Santiago, 17 NY3d 661 [2011]; People v Abney, 13 NY3d 251 [2009]; People v LeGrand, 8 NY3d 449 [2007].) While these factors may ultimately have some relevance in the trial jury’s determination of the reliability of the witness’s in-court identification, should the witness make one, they do not provide a basis for denying the People’s request to place the defendant in another lineup.
If a lineup has been found to be unduly suggestive, ordering a second lineup would be inappropriate, since it would give the People a “second bite at the apple.” (See People v Allah, 169 Misc 2d 633, 637 [Nassau County Ct 1996] [where initial lineup procedure was unduly suggestive, the People’s application for second lineup denied because “(t)he equities of this case demand(ed) that the People not be given a second chance to succeed in obtaining lineup evidence”].) Here, however, no determination has been made that the lineup was unduly suggestive, even though it was conducted in the absence of counsel. While the Court of Appeals has found counsel’s presence “to be of importance during interrogations” (People v Hawkins, 55 NY2d 474, 485 [1982]), it has characterized counsel’s role at a lineup to be, in comparison, “relatively passive” (People v Blake, 35 NY2d 331, 337 [1974]), “much more limited” (Hawkins, 55 NY2d at 485), and even “insignificant.” (People v Hobson, 39 NY2d 479, 485 [1976].) After balancing the benefits counsel provides at a lineup against the benefits to the police, the public and the suspect in conducting the lineup as close in time as possible to the incident under investigation, the Court of Appeals has concluded that the latter far outweigh the former and found that there is “no basis in our State Constitution for requiring counsel [for an unrepresented suspect] at investigatory lineups.” (Hawkins, 55 NY2d at 487.)
The Court of Appeals applied similar reasoning in People v Jones (2 NY3d 235 [2004]), in which the defendant had moved to suppress an identification made at a nonsuggestive lineup *387 held after the defendant’s warrantless arrest in his residence in violation of Payton v New York (445 US 573 [1980]). Although the issuance of an arrest warrant would have required the filing of an accusatorial instrument (see CPL 120.20 [1]), and would thus have triggered the defendant’s right to have counsel present at the lineup (see Blake, 35 NY2d at 339; People v Coleman, 43 NY2d 222, 225 [1977]), the Court nonetheless denied the defendant’s motion to suppress the identification, in part because the police had probable cause for the arrest, and in part because of the more limited and passive role counsel would have played at the lineup. As the Court observed, even without counsel present, “corporeal lineups, properly conducted, generally provide a reliable pretrial identification procedure and are properly admitted unless it is shown that some undue suggestiveness attached to the procedure.” (Jones, 2 NY3d at 244 [internal quotation marks omitted], quoting People v Chipp, 75 NY2d 327, 335 [1990].)
In this case, if the defendant is not placed in a second lineup, and if at the hearing that must necessarily follow the suppression of the first lineup, the court determines that the witness has an independent source with which to make an in-court identification, that identification will occur under circumstances far more suggestive than those the witness is likely to encounter in a new lineup conducted before trial. (See United States v Williams, 436 F2d 1166, 1168 [9th Cir 1970] [“an identification witness — particularly if he has some familiarity with courtroom procedure — is quite likely to look immediately at the counsel table, where the defendant is conspicuously seated in relative isolation”].) If, however, a lineup is conducted before trial, “there is a risk [to the People] that no identification will be made and it would then be conceptually difficult to show an independent source for a prospective incourt identification.” (People v Racine, 28 Misc 3d 1223[A], 2010 NY Slip Op 51440[U], *11 n 1 [Sup Ct, Kangs County 2010].) Indeed, the court in Racine surmised that in most cases, “prosecutors would rather attempt to show an independent source at a Wade hearing than have a witness view [a pretrial lineup].” (Id.)
In cases in which no identification before trial has occurred, or where the only prior identification procedure was inadmissible because it was photographic rather than corporeal, some defendants, rather than be subjected to an in-court identification in which the defendant’s position in the courtroom is all too obvious, have asked the trial court for an order directing *388 that a lineup be conducted first. (See e.g. People v Brooks, 39 AD3d 428, 429 [1st Dept 2007] [where witness had not participated in any pretrial identification procedures, but had spontaneously recognized defendant when she inadvertently saw him in custody in courthouse hallway, trial court’s denial of defendant’s request for in-court lineup not improper, “since the witness’s spontaneous recognition of defendant and her in-court identification were reliable”]; People v Lixiong Zhao, 280 AD2d 405, 406 [1st Dept 2001] [“The court properly exercised its discretion in denying defendant’s request, made during trial, for an in-court lineup composed of courtroom spectators . . . since the witness had an ample opportunity to view defendant during the incident and had already made a reliable out-of-court identification” (citations omitted)]; Matter of Johnson v Torres, 259 AD2d 370, 370 [1st Dept 1999] [holding writ of prohibition unavailable to correct trial error, but noting that “(t)he respondent Justice’s order to petitioner, the District Attorney, compelling petitioner to provide ‘fillers’ for a lineup to be conducted during the trial . . . was without foundation in law”].)
While the defendant may have no constitutional right to a lineup in such circumstances (People v Medina, 208 AD2d 771 [2d Dept 1994]),[4] CPL 240.40 (2) (b) (i) gives the People a statutory right to request that, “subject to constitutional limitation,” the court order one. In this case, if the prior lineup was not unduly suggestive, and if the witness has a source independent of that lineup to make an identification in a second one, there is no constitutional rule prohibiting or any policy consideration militating against a second one, particularly given that it will take place more than a year after the investigatory lineup. To the contrary, under such circumstances, a pretrial lineup will make an identification, if one is made, more reliable, and, if one is not, will protect the defendant from a suggestive, but constitutionally permissible, in-court identification. Accordingly, a hearing is ordered to determine whether the lineup was unduly suggestive and whether the complainant has an independent source with which to make an identification.

. In pertinent part, CPL 240.40 (2) provides that “[u]pon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment ... is pending: ...(b) may order the defendant to provide non-testimonial evidence. Such order may, among other things, require the defendant to: (i) [ajppear in a line-up . . . .”

. Of course, even had Detective Rogers not been informed that the defendant was represented by counsel, Detective Offley’s knowledge of that representation would have been imputed to him. (See People v Pinzon, 44 NY2d 458, 464 [1978] [“in this case, when the defendant’s attorney called the general information number at police department headquarters, identified himself and asked to speak with the defendant and further requested that there be no questioning, the police should have been on notice that an attorney had appeared on behalf of the defendant then in custody”].)

. In her motion papers, defense counsel also alleges that before the witness made his lineup identification, he had seen the defendant in a wanted poster hanging in the precinct the day the lineup was conducted, and that — to make matters worse — after each identification, the complainant “was informed that he had picked out the right ‘guy.’ ” Defense counsel has not provided the factual basis for either of these allegations, for which neither she nor the defendant appears to have firsthand knowledge. In any case, the factual questions these allegations raise can be resolved in the hearing to be conducted pursuant to this opinion.

. “In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because the defense counsel is able to explore weaknesses and suggestiveness of the identification in front of the jury.” (Medina, 208 AD2d at 772.)