People v Marion (2021 NY Slip Op 02177)





People v Marion


2021 NY Slip Op 02177


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03489
 (Ind. No. 83/17)

[*1]The People of the State of New York, respondent,
v
Seth Marion, appellant.


Law Office of Stephen N. Preziosi, P.C., New York, NY, for appellant. 
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered February 8, 2018, convicting him of robbery in the second degree (two counts) and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephanie Zaro, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony regarding the lineup identification is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
On December 6, 2016, three men committed a robbery in Queens. On January 10, 2017, the defendant was arrested in connection with the robbery when he appeared with his attorney in a Suffolk County courthouse on an unrelated case. The defendant, contending, inter alia, that his right to counsel had been violated at a lineup viewing by the complainant later that day, moved before trial to suppress all identification testimony. The hearing court denied the suppression motion in its entirety without making any determination as to whether the defendant's right to counsel had been violated. Evidence of the lineup was admitted at trial and the complainant, who had positively identified the defendant at the lineup viewing, was allowed to make an in-court identification of the defendant.
The detective who conducted the lineup violated the defendant's right to counsel by failing to notify counsel of the lineup and afford counsel a reasonable opportunity to attend. As a general rule, a defendant does not have the right to counsel at a preaccusatory, investigatory lineup (see People v LaClere, 76 NY2d 670, 672; People v Coates, 74 NY2d 244, 249; People v Johnson, 165 AD3d 1168, 1170). However, there are two exceptions. The first is when a defendant is actually represented by an attorney in the matter under investigation and the police know, or can be charged with knowledge of, that representation (see People v Bongarzone-Suarrcy, 6 NY3d 787, 789). The second is when a defendant who is already in custody and represented by an attorney in an unrelated case invokes the right by requesting his or her attorney (see People v Johnson, 165 AD3d at 1170-1171). In either case, "[o]nce the right to counsel has been triggered, the police may [*2]not proceed with the lineup without at least apprising the defendant's lawyer of the situation and affording the lawyer a reasonable opportunity to appear. A specific request that the lineup not proceed until counsel is so notified need not be made" (People v Mitchell, 2 NY3d 272, 274-275; see People v Johnson, 165 AD3d at 1171; People v Sharp, 36 Misc 3d 381, 383-384 [Sup Ct, Bronx County]).
Here, prior to the lineup, the attorney representing the defendant on another matter spoke to the arresting officer and identified herself as the defendant's attorney. The detective who conducted the lineup testified at the suppression hearing that he was aware prior to conducting the lineup that the defendant was represented by an attorney. Moreover, the only reasonable inference from the detective's testimony was that he was aware that the defendant was represented by the attorney with respect to the robbery case under investigation. Nonetheless, the detective did not notify the attorney of the lineup. The detective testified that both he and an assistant district attorney called the number provided by the defendant, but the phone just rang. They did not make any further efforts to confirm the attorney's telephone number or contact the attorney some other way.
Additionally, the record does not establish the existence of exigent circumstances or that notifying the defendant's attorney of the impending lineup would have caused unreasonable delay (see People v Hawkins, 55 NY2d 474, 487). Accordingly, the identification evidence resulting from the lineup conducted in violation of the defendant's right to counsel should have been suppressed (see People v Robles, 17 AD3d 136, 136). The evidence of the defendant's guilt without the erroneously admitted evidence was not overwhelming and, therefore, the error cannot be deemed harmless (see People v Crimmins, 36 NY2d 230, 241). Accordingly, a new trial is required, before which the Supreme Court must conduct a hearing, unless waived by the defendant, to determine whether the in-court identification by the complainant has a source independent of the lineup that took place in violation of the defendant's right to counsel (see People v Coates, 74 NY2d at 250; People v Johnson, 165 AD3d at 1171; People v Garnes, 127 AD3d 1104, 1106).
The defendant's contention that certain counts charging him with robbery in the second degree were multiplicitous is unpreserved for appellate review (see People v Cruz, 96 NY2d 857), and, in any event, without merit (see People v Saunders, 290 AD2d 461).
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court