■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ZORILLA, Appellant. [622 NYS2d 31] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered October 13, 1992, convicting defendant after jury trial, of murder in the second degree and kidnapping in the first degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

Evidence of defendant's drug selling operation was introduced into evidence to explain defendant's motive for directing his accomplices to kill the victim, whom defendant believed to have been selling drugs for another dealer. This

evidence also explained why the victim's body was found in a car connected to defendant, how defendant could direct his accomplices to kill the victim, and why they would do so when they lacked a personal motive. Since the evidence was probative of motive *(People v Molineux,* 168 NY2d 264), provided relevant background information and completed the narrative *(People v Castro,* 101 AD2d 392, *affd* 65 NY2d 683) was inextricably interwoven with the offenses charge and the probative value of the evidence outweighed the potential for undue prejudice *(People v Alvino,* 71 NY2d 233, 241-242), we find no abuse of discretion in the court's ruling.

By failing to seek relief pursuant to CPL 440.10, defendant has failed to provide an adequate record upon which we can review his present claim of ineffective representation of counsel *(People v Love,* 57 NY2d 998, 1000). On the present state of the record, we cannot conclude that defendant was denied meaningful representation. Concur—Murphy, P. J., Rosenberger, Ross, Asch and Nardelli, JJ.