■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TAI, Also Known as TAI CHI CHUAN, Appellant. [638 NYS2d 45] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered September 23, 1992, convicting defendant, after a jury trial, of three counts of murder in the second degree, and sentencing him to consecutive terms of 18$^1$/$_3$ years to life, unanimcusly affirmed.

Defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence. Although we reject defendant's contention that this was an entirely circumstantial case, even assuming the contrary, the court's instructions conveyed the correct standard (*see, People v Ford*, 66 NY2d 428, 441). Defendant's remaining challenges to the instructions are unpreserved for review and we find no basis to review in the interest of justice.

Giving due deference to the hearing court's findings of fact (*see, People v Prochilo*, 41 NY2d 759, 761), we find no basis to disturb the suppression ruling.

Defendant's *Rosario* claim is unpreserved since the trial court was disposed to provide broad leeway to counsel in addressing the delayed disclosure of the *Rosario* material and counsel never requested specific curative relief (*People v Rivera*, 78 NY2d 901; *People v Velez*, 189 AD2d 572, *lv denied* 81 NY2d 894). In any event, defendant has failed to demonstrate prejudice (*cf., People v Goins*, 73 NY2d 989).

Since cross-examination of a witness manifested a strategy of suggesting a recent fabrication, the prosecutor properly rehabilitated the witness on redirect with the introduction of evidence of consistent testimony given prior to the onset of the alleged motive to falsify (*see, People v Seit*, 86 NY2d 92, 95-96).

The evidence of defendant's gang associations and activities was, given his apparent lack of personal hostility toward the victims, highly probative of motive and intent (*see, People v Williams*, 193 AD2d 408, *lv denied* 82 NY2d 729; *People v Zorilla*, 211 AD2d 582), explained the gang leader's control over him (*People v Boyd*, 164 AD2d 800, 803, *lv denied* 77 NY2d

904), and explained defendant's relationship to the various parties (*People v Zorilla, supra*), all of which outweighed the potential for undue prejudice. In any event, the court's limiting instructions minimized the potential for prejudice (*People v Steinberg*, 170 AD2d 50, 74, *affd* 79 NY2d 673), and we presume that those instructions were followed (*People v Ebanks*, 203 AD2d 199, 200, *lv denied* 83 NY2d 966).

Certain of the challenges to summation are unpreserved, and none warrant reversal. We have examined defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.