■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEN REN JIE, Appellant. [720 NYS2d 135] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered September 1, 1998, convicting defendant, after a jury trial, of four counts of kidnapping in the first degree and two counts of grand larceny in the second degree, and sentencing him to two consecutive terms of 25 years to life, concurrent with two concurrent terms of 25 years to life and two concurrent terms of 5 to 15 years, unanimously affirmed.

The court properly denied suppression of the statement made at the District Attorney's office, since the People sustained their burden of establishing that it was attenuated from the taint of a warrantless arrest made in violation of Payton v New York (445 US 573) at an apartment where defendant had been living with his girlfriend. The record establishes that there was a significant, seven-hour lapse of time between the arrest and the interrogation at the District Attorney's office, as well as a substantial break of about three and a half hours between the initial statement at Police Headquarters, which the court suppressed, and the second interrogation. The second interrogation took place at a different location from the first and

was conducted by different persons with the aid of a different translator; these changes indicate that the questioning at the District Attorney's office was not part of a continuous interrogation begun at Police Headquarters. Moreover, at the second interrogation, no reference was made to the earlier session. The record also supports the court's finding that there was nothing flagrant about the *Payton* violation, since, at the time of the entry, the police were unaware, and had no reason to believe, that defendant had an expectation of privacy in his girlfriend's apartment. Based upon all these factors, the court properly found attenuation (*see, Brown v Illinois*, 422 US 590; *People v Harris*, 77 NY2d 434).

The court properly admitted evidence of defendant's prior bad acts, since they provided relevant background information explaining the relationship between him and the cooperating witness, particularly explaining why the latter would have selected defendant as a person to approach with a kidnapping scheme (*see, People v Dauphinee*, 240 AD2d 222, *lv denied* 90 NY2d 892).

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.