■ The People of the State of New York, Respondent, v Angelo Santiago, Appellant. [745 NYS2d 150] —Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered October 5, 2000, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.

The court's Sandoval ruling, permitting only limited inquiry into defendant's prior record, balanced the appropriate factors and was a proper exercise of discretion (see, People v Walker, 83 NY2d 455, 458-459). The large quantity of drugs possessed

by defendant in one of his prior cases evinced his willingness to place his interests above those of society and had a direct bearing on his veracity.

The court properly exercised its discretion in admitting evidence of uncharged crimes committed by defendant against the civilian victim since it was probative of defendant's motive and intent, was inextricably interwoven with the narrative of events, and was necessary background to explain to the jury the relationship between defendant and the civilian victim (*see, People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673). Since defendant's position at trial was that the version of the incident provided by the People's witnesses was incredible, the People were entitled to place the events in a believable context by showing that defendant's offensive conduct was the product of his palpable animosity toward the civilian victim. The prejudicial effect of such testimony was outweighed by its probative value, and the court's limiting instructions served to prevent any prejudice. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.