■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FELICIANO, Appellant. [753 NYS2d 511] —Judgment, Supreme Court, Bronx County (Troy Webber, J.), rendered February 15, 2001, convicting defendant, after a jury trial, of rape in the second degree and endangering the welfare of a child, and sentencing him to concurrent terms of 3 to 6 years and one year, respectively, unanimously affirmed.

The court properly exercised its discretion in admitting uncharged crimes evidence since this evidence completed the narrative by setting forth a pattern of behavior between defendant and the victim, and placed the events as described by the victim in a believable context, with particular reference to her conduct at the time of the charged crime and her failure to report it promptly (*see People v Santiago*, 295 AD2d 214, *lv denied* 98 NY2d 701; *People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673). Moreover, evidence of the second uncharged crime was also necessary to explain the actions of the victim's brother, a corroborating witness, at the time of the charged

crime. Contrary to defendant's argument, the clear implication of the court's ruling, viewed as a whole, is that both uncharged crimes were admitted for similar, appropriate purposes.

The court properly exercised its discretion in permitting limited testimony concerning the victim's allegedly blood-stained bathing suit and in denying defendant's request for preclusion of all testimony on this subject as a sanction for the People's loss of the item (*see People v Kelly*, 62 NY2d 516; *see also People v Martinez*, 71 NY2d 937). The People had neither a statutory (*see* CPL 240.20) nor a constitutional (*see Arizona v Youngblood*, 488 US 51) duty to produce the bathing suit, and its loss was inadvertent. To the extent that any further remedy was warranted, an adverse inference instruction would have sufficed to prevent any prejudice but defendant rejected the court's offer to deliver such a charge. Concur—Tom, J.P., Mazzarelli, Sullivan, William and Gonzalez, JJ.