■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAINE GILLEY, Appellant. [770 NYS2d 868]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 28, 2001, convicting defendant, after a jury trial, of sodomy in the first degree and sexual abuse in the first degree, and sentencing him, as a second felony offender, to concurrent terms of eight years and four years, respectively, unanimously affirmed.

The court properly exercised its discretion in permitting the victim, defendant's daughter, 11 years old at the time of trial, to testify to prior uncharged crimes or immoral acts that he allegedly committed against her. The victim's description of these

acts completed her narrative and assisted the jury in its comprehension of the crimes charged, providing necessary background material to explain her relationship with defendant while they lived together in the homeless shelters, and to place the events in a believable context (*see People v Feliciano*, 301 AD2d 480 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Santiago*, 295 AD2d 214 [2002], *lv denied* 98 NY2d 701 [2002]; *People v Steinberg*, 170 AD2d 50, 72-74 [1991], *affd* 79 NY2d 673 [1992]). Furthermore, given the fact pattern, the People were entitled to anticipate and address a potential issue as to whether defendant was seeking sexual gratification (*see People v Nowlin*, 297 AD2d 554 [2002], *lv denied* 98 NY2d 770 [2002]; *People v Young*, 99 AD2d 373 [1984]; *compare People v Lewis*, 69 NY2d 321, 327 [1987]).

The court properly exercised its discretion in admitting expert testimony regarding child sexual abuse syndrome. This testimony tended to explain matters beyond the ken of the typical juror, such as reactions and behavior of children as a result of sexual abuse, including a general explanation of such victims' untimely disclosures (*see People v Grant*, 241 AD2d 340 [1997], *lv denied* 90 NY2d 1011 [1997]; *People v Sanchez*, 200 AD2d 363 [1994], *lv denied* 83 NY2d 1007 [1994]). The court gave appropriate limiting instructions negating any likelihood that the jury considered the testimony for an improper purpose. Concur—Mazzarelli, J.P., Saxe, Ellerin and Williams, JJ.