■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PERSON, Appellant. [810 NYS2d 68]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered April 9, 2003, convicting defendant, after a jury trial, of three counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to an aggregate term of 25 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The court properly exercised its discretion in receiving evidence of a series of uncharged crimes. Each item at issue was highly relevant to the People's theory that defendant, who was incarcerated at the time of the crime, ordered two accomplices to rob the victim for the purpose of obtaining money for defendant's release on bail. The principal focus of the trial was the credibility of the two accomplice witnesses, as well as that of an informant who testified about defendant's admissions. The evidence of three prior robberies, and one uncompleted robbery, perpetrated by defendant with one of the testifying accomplices, explained defendant's relationship with that accomplice and why he chose him to carry out the charged crime (*see e.g. People v Chen Ren Jie*, 280 AD2d 301 [2001], *lv denied* 96 NY2d 798 [2001]; *People v Torres*, 249 AD2d 19 [1998], *lv denied* 92 NY2d 907 [1998]; *People v Dauphinee*, 240 AD2d 222 [1997], *lv denied* 90 NY2d 892 [1997]). In addition, the prior uncompleted robbery involving this same accomplice, for which defendant was arrested for weapon possession and incarcerated in lieu of bail, was inextricably intertwined with the present crime in many respects (*see People v Vails*, 43 NY2d 364 [1977]; *People v Ortiz*, 238 AD2d 213 [1997], *lv denied* 90 NY2d 862 [1997]). Turning to evidence that, some years before, defendant had shot a man in front of this accomplice, we conclude that the prior shooting was highly relevant to the accomplice's credibility in that it explained his fear of defendant, which led him to commit the instant crime at defendant's direction, and also to conceal defendant's involvement when the police initially questioned the accomplice. Without such background information, the accomplice's testimony might have seemed unbeliev-

able to the jury (*see e.g. People v Gilley*, 4 AD3d 127 [2004], *lv denied* 2 NY3d 799 [2004]). Finally, the court properly admitted testimony that defendant directed the accomplice to remove traces of evidence from the victim's apartment, and to kill a doorman who had seen him, since this evinced defendant's consciousness of guilt (*see e.g. People v Major*, 243 AD2d 310 [1997], *lv denied* 91 NY2d 928 [1998]). In all these instances, the court properly balanced the probative value of the evidence against the potential for undue prejudice (*see People v Alvino*, 71 NY2d 233, 242 [1987]; *compare People v Resek*, 3 NY3d 385, 388-389 [2004]), and minimized any prejudice by means of limiting instructions.

The court properly exercised its discretion in denying defendant's request to receive in evidence the videotaped statements of the two accomplice witnesses. In each instance, defendant used the transcript of the statement during cross-examination and elicited the inconsistency the videotape contained, at which time each witness fully admitted having made the prior statement, making it unnecessary to prove the inconsistency (*People v Piazza*, 48 NY2d 151, 164-165 [1979]). While defendant argues that the rule should be different for a videotaped statement, which provides evidence of the witness's demeanor at the time of the making of the statement, we reject this argument, since a prior inconsistent statement is not received for its truth (*see e.g. People v Patterson*, 203 AD2d 597, 598 [1994]). In addition, the record fails to support defendant's claim that the court made, and retracted, a ruling on the videotapes upon which defendant relied to his detriment.

To the extent that defendant is raising constitutional claims with respect to the court's rulings on uncharged crimes evidence and admission of videotaped statements, those claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Marlow, Gonzalez, Catterson and McGuire, JJ.