■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH ALICEA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN WHITE, Appellant. [821 NYS2d 584]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 24, 2003, convicting defendant Alicea, after a jury trial, of attempted murder in the second degree, and two counts of assault in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed. Judgment, same court and Justice, rendered July 25, 2003, convicting defendant White, after a jury trial, of attempted murder in the second degree, and two counts of assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Moreover, we find the evidence to be overwhelming. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]).

Since the People's theory was that defendant Alicea directed defendant White and others to kill the victim, the court properly exercised its discretion in permitting limited testimony regarding Alicea's heroin distribution operation, for which White and certain of the People's cooperating witnesses worked and upon which they depended financially. This evidence explained the relationship of the parties and allowed the jury to understand why Alicea could give such an order and expect it to be carried out, and why the order was obeyed (*see e.g. People v Person*, 26 AD3d 292 [2006]; *People v Tai*, 224 AD2d 328 [1996], *lv denied* 88 NY2d 886 [1996]; *People v Zorilla*, 211 AD2d 582 [1995]), which reflected on the believability of the People's witnesses (*see People v Gilley*, 4 AD3d 127 [2004], *lv denied* 2 NY3d 799 [2004]). The probative value of this evidence outweighed its prejudicial effect, and the court provided appropriate limiting instructions, which the jury is presumed to have followed. Defendant's constitutional claim regarding this evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Pettaway*, 30 AD3d 257 [2006]).

The court properly exercised its discretion in denying Alicea

permission to recall one of the People's witnesses for further cross-examination based on newly acquired information. Initially, we note that the information in question had little impact on the witness's credibility. Furthermore, Alicea had the opportunity to acquire this information earlier in the proceedings, and could have elicited it during cross-examination or re-cross-examination. Moreover, Alicea had successfully objected when the prosecutor attempted to explore the same subject matter on direct examination of this witness. We also note the court's legitimate concern for the safety of this witness, which was a factor in the manner in which the witness's testimony was scheduled. Finally, the court offered to permit this information to come before the jury by way of a stipulation and in Alicea's summation, whereupon Alicea declined to agree to a stipulation, but raised the issue in summation.

Inasmuch as Alicea did not assert a constitutional right to recall the witness, his constitutional argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that Alicea received a full opportunity to impeach this witness, and that there was no impairment of his right of confrontation (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).

We perceive no basis for reducing the sentences.

We have considered and rejected defendant's remaining claims, including those contained in defendant White's pro se supplemental brief. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.