■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROSARIO, Appellant. [824 NYS2d 296]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered May 14, 2004, convicting defendant, after a jury trial, of course of conduct against a child in the first degree, reckless endangerment in the first degree and endangering the welfare of a child, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

The court properly exercised its discretion in receiving evidence relating to defendant's pattern of escalating sexual conduct toward the child victim prior to the charged crimes. This evidence had little prejudicial effect, and it constituted highly probative background information that tended to explain the relationship between defendant and the victim and place the events in question in a believable context, particularly since defendant made a major issue of the victim's delay in reporting the charged criminal conduct (*see e.g. People v Gilley*, 4 AD3d 127 [2004], *lv denied* 2 NY3d 799 [2004]; *People v Feliciano*, 301 AD2d 480 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Steinberg*, 170 AD2d 50, 72-74 [1991], *affd* 79 NY2d 673 [1992]). The charged conduct did not, itself, sufficiently explain the victim's behavior, and, in any event, the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]). Moreover, we note that much of the conduct claimed by defendant to be uncharged crimes actually fell within the time frame of the count charging endangering the welfare of a child.

The court properly exercised its discretion in allowing a qualified nurse practitioner, who has examined a large number of child victims of sex abuse, to give expert testimony on various matters that went beyond her own examination of the victim. It was error to have allowed her to testify that the absence of physical evidence of trauma was consistent with the claim of sex abuse. However, in light of the overwhelming evidence of defendant's guilt, such error was harmless.

With regard to both the uncharged crimes evidence and expert testimony, defendant did not preserve his claim that the court provided inadequate jury instructions, or any constitutional arguments, and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.