■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ADOMS, Appellant. [938 NYS2d 58]—

The court properly exercised its discretion in permitting expert testimony relating to child sexual abuse syndrome (CSAS). The expert's testimony provided a possible explanation, beyond the knowledge of the average juror, for the victim's delay in reporting repeated instances of sexual abuse occurring over a long period of time (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v Gilley,* 4 AD3d 127, 128 [2004], *lv denied* 2 NY3d 799 [2004]). Regardless of whether defendant expressly raised the issue of delayed disclosure, the jury may have been concerned that the delay impacted the victim's credibility. Furthermore, the expert did not improperly bolster the victim's testimony (*see People v Spicola,* 16 NY3d 441, 465-466 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]).

Defendant did not preserve his arguments that the victim's explanation of the reasons for her delayed disclosure obviated any need for expert testimony, or that CSAS is not a scientifically valid theory. As alternative holding, we reject those arguments.

Defendant expressly waived his present claim that the court should have instructed the jury on the use of expert testimony (*see People v Gonzalez*, 99 NY2d 76, 83 [2002]). As an alternative holding, we find that the absence of that instruction did not cause defendant any prejudice. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.