SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

606
KA 09-00589
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERT BROWN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROBERT BROWN, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 29, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant challenges the legal sufficiency of the evidence to support the conviction. Defendant failed to preserve his challenge for our review, however, inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at" the same alleged shortcoming in the evidence raised on appeal (*People v Gray*, 86 NY2d 10, 19). In any event, defendant's contention lacks merit, inasmuch as there is a "valid line of reasoning and permissible inferences" to lead reasonable persons to the conclusion reached by the jury based on the evidence presented at trial (*People v Bleakley*, 69 NY2d 490, 495). Because we conclude that the evidence at trial is legally sufficient to support the conviction, defendant's further contention that the evidence presented to the grand jury was legally insufficient is not reviewable on appeal (*see* CPL 210.30 [6]; *People v Prior*, 23 AD3d 1076, 1076-1077, *lv denied* 6 NY3d 817). Furthermore, we reject defendant's contention that his trial counsel was ineffective for failing to preserve his legal sufficiency challenge for our review. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922).

Defendant further contends that the verdict is against the weight of the evidence and factually inconsistent because the jury acquitted him of rape in the first degree under Penal Law § 130.35 (1) and found him guilty of sexual abuse in the first degree. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject that contention (*see generally Bleakley*, 69 NY2d at 495). Specifically, the jury was entitled to infer from the evidence at trial that defendant forcibly committed an act of penis-to-vagina contact that qualified as sexual contact (*see* § 130.00 [3]), but that stopped short of sexual intercourse, i.e., "penetration," required for rape (§ 130.00 [1]; *see* § 130.35). We thus conclude that defendant mistakenly relies on *People v Boykin* (127 AD2d 1004, 1004, *lv denied* 69 NY2d 1001) and *People v Vicaretti* (54 AD2d 236), in which there was no evidence at trial from which such an inference could be drawn.

Defendant failed to preserve for our review several of his contentions concerning alleged acts of prosecutorial misconduct and, in any event, " 'any alleged [prosecutorial] misconduct was not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Szyzskowski*, 89 AD3d 1501, 1503). Contrary to defendant's further contention, County Court did not err in permitting a witness to testify that he and other men reported to the police that defendant had "raped a female." The testimony regarding that out-of-court statement was not hearsay because it "was not received for its truth, but [instead was received] for the legitimate, nonhearsay purpose of completing the narrative of events and explaining police actions" in subsequently tracking down defendant and the victim (*People v Perez*, 47 AD3d 409, 411, *lv denied* 10 NY3d 843). Defendant objected to the admission of only a portion of the testimony and photographic evidence related to his alleged assault of the victim's boyfriend. Thus, his contention that the testimony and evidence were irrelevant inasmuch as charges pertaining to that assault had been dismissed prior to trial is preserved for our review only in part (*see* CPL 470.05 [2]). To the extent that defendant's contention is preserved for our review, we agree with him that the court abused its discretion in admitting that testimony and evidence at trial (*see generally People v Carroll*, 95 NY2d 375, 385-387). Nevertheless, we conclude that any error in the admission of the testimony and evidence is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242). Defendant failed to preserve for our review his challenge to the testimony of two police officers regarding out-of-court showup identifications made by the victim and several other witnesses (*see* CPL 470.05 [2]), and we decline to exercise our power to address that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review his contention that the order of protection issued by the court does not comport with CPL 530.13 (*see People v Nieves*, 2 NY3d 310, 315-317), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention in his pro se supplemental

brief, the court had subject matter jurisdiction over the charge of sexual abuse in the first degree contained in the indictment. Although the felony complaint, which preceded the indictment, did not contain such a charge, the grand jury had the authority to consider offenses other than "those designated in the felony complaint" (*People v Simmons*, 178 AD2d 972, 972, *lv denied* 79 NY2d 1007). Defendant failed to preserve for our review his further contention, raised in his pro se supplemental brief, that the charge of sexual abuse in the first degree set forth in the indictment was not adequately specific (*see People v Adams*, 59 AD3d 928, 929, *lv denied* 12 NY3d 813; *see also People v Soto*, 44 NY2d 683, 684). In any event, that contention lacks merit. The indictment properly provided defendant with "fair notice of the nature of the charge[] against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charge[] and to prepare an adequate defense" (*People v Keindl*, 68 NY2d 410, 416, *rearg denied* 69 NY2d 823). Defendant also failed to preserve for our review his additional contention in his pro se supplemental brief that the counts charging him with rape in the first degree and sexual abuse in the first degree were duplicitous because they were premised upon the same facts and evidence (*see People v Becoats*, 17 NY3d 643, 650, *cert denied* ___ US ___ [Apr. 23, 2012]). We note in any event that defendant's contention is moot in light of his acquittal of rape in the first degree (*see People v Haberer*, 24 AD3d 1283, 1283, *lv denied* 7 NY3d 756, 848), and that it also is without merit (*see People v Scott*, 12 AD3d 1144, 1145, *lv denied* 4 NY3d 767).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court