# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**12**

**KA 10-01772**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TIMOTHY WOOD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered February 16, 2010. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that Supreme Court violated CPL 530.13 (former [4] [a]) by issuing an order of protection in favor of a person who was neither a victim of nor a witness to the crime of which he was convicted. Defendant failed to preserve his contention for our review (*see People v Nieves*, 2 NY3d 310, 316-317; *People v Brown*, 96 AD3d 1561, 1563, *lv denied* 19 NY3d 1024; *People v Kulyeshie*, 71 AD3d 1478, 1479, *lv denied* 14 NY3d 889), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, this case does not fall within the " 'narrow exception to the preservation rule' . . . where a court exceeds its powers and imposes a sentence that is illegal in a respect that is readily discernible from the trial record" (*Nieves*, 2 NY3d at 315).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court