# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**896**

**KA 11-02455**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

JONOC ABON, ALSO KNOWN AS JONOL ABON,
DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered December 17, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1]; [2] [b]), defendant contends that the conviction is not supported by legally sufficient evidence and the verdict is contrary to the weight of the evidence because, inter alia, the prosecution's witnesses were not credible and the evidence does not establish that he participated in the crime. Defendant failed to preserve his sufficiency challenge for our review "inasmuch as his motion for a trial order of dismissal was not specifically directed at the same alleged shortcoming[s] in the evidence raised on appeal" (*People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see generally People v Gray*, 86 NY2d 10, 19).

Viewing the evidence in light of the elements of the two counts of robbery as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is contrary to the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). With respect to the credibility of the witnesses, we note that their testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942

[internal quotation marks omitted]), and we see no basis for disturbing the jury's credibility determinations in this case.

We reject defendant's further contention that County Court erred in denying his request for an expanded identification charge. "It cannot be said that this case involved a 'close question of identity' " (*People v Perez*, 77 NY2d 928, 929), and defendant did not present an alibi defense (*see People v Singleton*, 286 AD2d 877, 877, *lv denied* 97 NY2d 658). Indeed, we note that four eyewitnesses identified defendant as the perpetrator, and they had several opportunities to observe defendant at close range under good lighting conditions. In addition, one of the witnesses had met defendant before, and defendant and codefendant initially conversed at length with another witness during the drug sale that immediately preceded this incident. "In any event, the court properly charged the jury that the People were required to prove every element of the crime beyond a reasonable doubt, including that the defendant is the person who committed the crime" (*People v Willis*, 79 AD3d 1739, 1741, *lv denied* 16 NY3d 864 [internal quotation marks omitted]; *see generally People v Whalen*, 59 NY2d 273, 279).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court