(January 28, 2016)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO BRITO, Appellant. [24 NYS3d 59]—

Judgment, Supreme Court, Bronx County (Stephen W. Paynter, J.), rendered April 17, 2009, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Although in performing weight of evidence review, we may consider the jury's verdict on other counts (*see People v Rayam*, 94 NY2d 557, 563 n [2000]), we conclude that defendant's acquittals of other charges does not undermine the conviction. "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict" (*People v Horne*, 97 NY2d 404, 413 [2002]; *see also People v Hemmings*, 2 NY3d 1, 5 n [2004]).

The court's handling of a note from the deliberating jury asking, without elaboration, to speak "privately" with the judge does not warrant reversal. Defendant did not preserve his claim that the court violated the procedures set forth in *People v O'Rama* (78 NY2d 270 [1991]), and there was no mode of proceedings error. We decline to review defendant's claim in the interest of justice. As an alternative holding, we reject it on the merits.

When the court received the jury's note on the third day of jury deliberations, it had no way of knowing the subject of the jury's concern, or why it had chosen not to reveal this in the note itself. At that point, the jury's concern could have been a ministerial matter such as scheduling, and was not necessarily a request for information covered by CPL 310.30. The court

disclosed the note to counsel for both sides, who agreed that the judge could go into the jury room and ask the jurors what they meant by asking to speak to the judge "privately." Thus, while not to be encouraged, the court's private conference with the jurors to find out what they wanted was itself essentially ministerial (*see People v Ochoa*, 14 NY3d 180, 187-188 [2010]; *People v Williams*, 38 AD3d 429, 431 [1st Dept 2007], *lv denied* 9 NY3d 965 [2007]). The court's statements on the record make it clear that as soon as the court learned that the jury was making a substantive inquiry, it made no response, and it conducted all subsequent proceedings in open court. Accordingly, the court did not violate defendant's right to be present when it undertook the ministerial task of seeking clarification of the jury's note. When the judge returned to the courtroom after speaking to the jury, he stated on the record in the presence of the defendant, his attorney and the prosecutor that "I went in with one of the officers and all they wanted to ask me . . . was whether they could hear the charges again on the burglary counts. So I intend to bring the jury out and read to them once again the burglary charges." The jury was then returned to the courtroom, and after confirming with the jury that it had "requested to hear what the burglary charges involved, the elements of the burglary charges again," the court reread its charge. At that point, defense counsel had notice of the jury's request and "knowledge of the substance of the court's intended response—a verbatim rereading of the [burglary] charge previously given" (*People v Starling*, 85 NY2d 509, 516 [1995]). Thus, counsel's silence and failure to object to this procedure "at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable" (*id.*; *see also People v Williams*, 21 NY3d 932, 935 [2013]; *People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Ramirez*, 15 NY3d 824, 826 [2010]).

We further find that the court provided defendant with "meaningful notice" both of the contents of the note requesting to speak to the judge privately and of the jury's oral request for reinstruction (*see People v Nealon*, 26 NY3d 152, 156 [2015]; *People v Kisoon*, 8 NY3d 129, 134 [2007]). The court told counsel what the jury had requested, and then reconfirmed this, in open court, in the jury's presence. While the better practice would have been for the court to direct the jury to put its request for reinstruction in a written note, under these circumstances, we find that the court fulfilled its "core responsibility" under *Kisoon* (*id.* at 134) and *O'Rama*. Therefore, this was not a mode of proceedings error, and the preservation rule applies (*see e.g. People v Nealon*, 26 NY3d at

158). Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Kapnick, JJ.