# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**757**

**KA 15-00024**

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

WESLEY WOODS, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 3, 2014. The judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree, robbery in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the first degree (Penal Law § 135.25 [2] [a]), robbery in the first degree (§ 160.15 [4]), and assault in the second degree (§ 120.05 [2]). The charges arose from an incident in which the victim was held captive, pistol whipped, and then repeatedly humiliated, including being forced to lick his own blood from a boot of one of the perpetrators. The perpetrators made a video recording of parts of the incident and posted the recording on social media.

Defendant contends that Supreme Court erred in refusing to permit him to introduce into evidence a video recording in which the victim told defendant's girlfriend that defendant did not commit the crime, because the recording established that he did not commit the crime. At trial, however, he contended only that the recording was admissible to impeach the victim. "Inasmuch as [defendant's current] theory was not expressed to the trial court, the issue is not preserved for our review" (*People v Lyons*, 81 NY2d 753, 754). In any event, any error in the court's refusal to admit the recording in evidence is harmless inasmuch as "[t]he substance of th[e] prior statement was admitted in evidence through defense counsel's cross-examination of [the victim]" (*People v Lewis*, 277 AD2d 1022, 1022, *lv denied* 96 NY2d 802; *see People v Person*, 26 AD3d 292, 294, *affd* 8 NY3d 973), wherein the victim admitted that he said that defendant did not commit the crime.

Defendant's contention that the evidence is not legally sufficient is not preserved for our review because his "motion for a trial order of dismissal was not specifically directed at the same alleged shortcoming[s] in the evidence raised on appeal" (*People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Abon*, 132 AD3d 1235, 1235-1236, *lv denied* 27 NY3d 1127; *see generally People v Gray*, 86 NY2d 10, 19).  In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), and affording them the benefit of every favorable inference (*see People v Bleakley*, 69 NY2d 490, 495), we conclude that the evidence is legally sufficient to establish the elements of the crimes of which defendant was convicted.

Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Defendant's contention is based largely on his assertion that the victim and the codefendant who testified at trial in order to obtain a more favorable plea bargain are not credible, and that their versions of the event are in conflict with, and unsupported by, other evidence.  It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).  Contrary to defendant's contention, the testimony of the victim and the codefendant "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982).  In addition, there was significant evidence, including video recordings, that the victim was beaten and humiliated in defendant's house, and testimony indicating that, in the recordings, defendant was directing the victim to stop resisting during the beating.  Furthermore, contrary to defendant's contention, there is expert scientific evidence establishing that the victim's blood was found in numerous places in defendant's house, lending further credence to the victim's testimony.  Thus, we see no basis for disturbing the jury's credibility determinations in this case.  Contrary to defendant's further contention, the jury's conclusion that there was insufficient evidence to establish the affirmative defense to robbery under Penal Law § 160.15 (4) is not contrary to the weight of the evidence.

Defendant further contends that the sentence is unduly harsh and severe.  Contrary to the People's contention, it is well settled that our "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783; *see People v Lopez*, 6 NY3d 248, 260 n 5).  Thus, we may "substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (*People v Suitte*, 90 AD2d 80, 86; *see People v Smart*, 100 AD3d 1473, 1475, *affd* 23 NY3d 213; *People v Johnson*, 136 AD3d 1417, 1418, *lv denied* 27 NY3d 1134).  Nevertheless, we conclude that the sentence is

not unduly harsh or severe.

Entered:  September 30, 2016                          Frances E. Cafarell
                                                     Clerk of the Court