# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1023

KA 14-01612

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                          MEMORANDUM AND ORDER

JIBRAUN M. MOSTILLER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 16, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (*see* Penal Law § 140.25 [2]), defendant contends that Supreme Court failed to comply with the requirements of CPL 310.30, as set forth in *People v O'Rama* (78 NY2d 270, 276-277) in responding to certain inquiries made by the jury. We conclude that defendant failed to preserve his contention for our review (*see generally* CPL 470.05 [2]).

During deliberations, the jury issued a note in which it requested a readback of certain testimony and, after the court read the note into the record and complied with the request, one of the jurors sought permission to ask a question. The court permitted the juror to ask the question, without objection from defense counsel. After clarifying the question with the juror and the foreperson, who posed an additional question, the court asked counsel if they wished to have the jurors put their questions into a note. Defense counsel indicated that he did not, because the jurors' inquiries were on the record. The court nevertheless directed the foreperson to put the jury's inquiries in writing. After receiving the written note, the court read it into the record outside the presence of the jury, allowed counsel to inspect it, and then responded to the note. On appeal, defendant contends that the court committed mode of proceedings errors by allowing the jurors to make oral requests and responding to those requests before they were put into writing, and that the court erred in the manner in which it responded to the oral

requests.

"In *People v Nealon* (26 NY3d 152 [2015]), [the Court of Appeals] reiterated that a court complies with its responsibility to provide counsel with meaningful notice of a substantive jury inquiry by reading the precise content of the note into the record in the presence of counsel, defendant, and the jury before providing a response, even if the court departs from the *O'Rama* procedure . . . by failing to discuss the note or the court's intended response with counsel before recalling the jury into the courtroom . . . That holding was based upon [the Court's] precedent requiring preservation when the trial court departs from the *O'Rama* procedure but counsel nevertheless has meaningful notice of the jury note" (*People v Mack*, 27 NY3d 534, 539).  Thus, "[t]he only errors that require reversal in the absence of preservation are those that go to the trial court's 'core responsibilities' under CPL 310.30, such as giving notice to defense counsel and the prosecutor of the contents of a jury note" (*People v Kahley*, 105 AD3d 1322, 1323, quoting *People v Tabb*, 13 NY3d 852, 853).  Here, defense counsel was present in court when the jurors made their oral requests, and defense counsel acceded to the procedure used by the court.  Additionally, the court directed the jury to submit its questions in the form of a jury note, read the note into the record in the presence of defense counsel, and permitted defense counsel to inspect it before responding.  Consequently, we conclude that the court did not violate its core *O'Rama* responsibilities (*see People v Barnes*, 139 AD3d 1371, 1372, *lv denied* 28 NY3d 926) and, therefore, preservation was required (*see People v Brito*, 135 AD3d 627, 628-629, *lv denied* 27 NY3d 1066; *People v Simmons*, 97 AD3d 842, 843, *lv denied* 20 NY3d 935; *People v Peller*, 8 AD3d 1123, 1123-1124, *lv denied* 3 NY3d 679).  We decline to exercise our power to review defendant's *O'Rama* contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the court properly admitted evidence that, contemporaneously with the commission of the crime herein, a screen had been pried off of a window of the house adjacent to the scene of the crime.  It is well settled that "evidence relevant to prove some fact in the case, other than the defendant's criminal propensity, is not rendered inadmissible simply because it may also reveal that the defendant has committed other crimes" (*People v Allweiss*, 48 NY2d 40, 46-47; *see People v Molineux,* 168 NY 264, 291-294).  Therefore, "evidence of uncharged crimes may be relevant to show (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant" (*People v Alvino*, 71 NY2d 233, 242), and "[i]t has long been settled that the *Molineux* rule contains an 'exception thereto [ ] that permits such evidence when the transactions in respect to which evidence was given were all intimately connected in point of time, place[,] and circumstance with that for which the accused was indicted, so that they formed a continuous series of transactions, each throwing light upon the other, upon the question of knowledge, intent, and motive' " (*People v Larkins*, 128 AD3d 1436, 1439, *lv denied* 27 NY3d 1001).  Based on that well-settled law, we agree with the People that the evidence, which

circumstantially established that defendant attempted to enter the neighboring house unlawfully at approximately the same time of the commission of the crime herein, was properly admitted to show defendant's intent, lack of mistake, and motive with respect to the crime herein (*see People v Davis*, 166 AD2d 928, 929, *lv denied* 77 NY2d 960).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as his "motion for a trial order of dismissal was not specifically directed at the same alleged shortcoming[s] in the evidence raised on appeal" (*People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Abon*, 132 AD3d 1235, 1235-1236, *lv denied* 27 NY3d 1127; *see generally People v Gray*, 86 NY2d 10, 19).  In any event, inasmuch as there is a "valid line of reasoning and permissible inferences" that could lead reasonable persons to the conclusion reached by the jury based on the evidence presented at trial (*People v Bleakley*, 69 NY2d 490, 495), we conclude that defendant's contention is without merit (*see People v Maier*, 140 AD3d 1603, 1603-1604, *lv denied* 28 NY3d 933; *People v Pierce*, 106 AD3d 1198, 1199-1201).  Furthermore, viewing the evidence in light of the elements of burglary in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court