People v Felix (2022 NY Slip Op 00258)





People v Felix


2022 NY Slip Op 00258


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Ind No. 1617/15 Appeal No. 15046 Case No. 2018-1689 

[*1]The People of the State of New York, Respondent,
v
Jose Felix, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (C. Taylor Poor of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J. at pretrial rulings on expert testimony; Patricia M. NuÑez, J. at jury trial and sentencing), rendered September 13, 2017, as amended September 29, 2017, convicting defendant of rape in the first degree (four counts), and sentencing him to an aggregate term of 25 years, unanimously affirmed.
The court providently exercised its discretion in admitting into evidence a photograph of a tattoo in defendant's genital area. The photograph was relevant to corroborate the victim's testimony that she saw the tattoo when defendant first engaged in inappropriate sexual conduct with her when she was 12 years old, the basis for one of the rape charges (see Penal Law § 130.35[4]). Thus, it cannot be said that its "sole purpose" was to arouse the emotions of the jury (People v Wood, 79 NY2d 958, 960 [1992]; see also People v Stevens, 76 NY2d 833, 835 [1990]; People v Dickerson, 42 AD3d 228, 237 [1st Dept 2007], lv denied 9 NY3d 960 [2007]). The court, however, should not have admitted a full body photograph, which depicted not only the tattoo but also defendant's torso and face, and which was published to the jury without first having been shown to defense counsel. Nevertheless, such error was harmless, in view of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 241 [1975]).
The court also providently exercised its discretion in admitting evidence of uncharged acts of sexual abuse during the relevant period. Such evidence was properly received to provide necessary background information and to complete the narrative, so as to explain the victim's state of mind and any behavior that the jurors might not have understood, including her delayed reporting and continued sexual contact with defendant after she reached the age of consent (see People v Haidara, 65 AD3d 974 [1st Dept 2009], lv denied 13 NY3d 939 [2010]; People v Rosario, 34 AD3d 370, 370 [1st Dept 2004], lv denied 8 NY3d 949 [2007]). The charged conduct did not, by itself, sufficiently explain the relationship between defendant and the victim. The probative value of the evidence outweighed its prejudicial effect, which was minimized by the court's limiting instruction. Because this was a child sexual abuse case, we reject defendant's contention that the uncharged acts should have been excluded for lack of particularization (see People v Pabon, 28 NY3d 147, 154 [2016] [recognizing "the reality that child victims are less capable of providing specific detail as to the dates and times of each sexual assault committed over an extended period of time"]).
The motion court properly denied defendant's request for a hearing under Frye v United States (293 F 1013 [DC Cir 1923]) regarding expert testimony on child sex abuse syndrome (see e.g. People v Olson, 110 AD3d 1373, 1376 [3d Dept 2013], lv denied 32 NY3d 1067 [2018]; People v Bassett, 55 AD3d 1434, 1436 [4th Dept 2008], lv denied 11 NY3d 922 [2009]). Defendant's challenges to the [*2]scientific validity of this type of expert testimony are unavailing and have been rejected by the Court of Appeals (see People v Spicola, 16 NY3d 441, 466-467 [2011], cert denied 565 US 942 [2011]). Defendant's other arguments concerning the expert testimony received at trial are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The expert only discussed delayed disclosure, maintenance of a "normal relationship" with the abuser, and continued involvement with the abuser after the age of consent in general terms. Thus, "the expert's testimony did not include responses to any hypotheticals tailored to the facts of the case or otherwise imply that the expert found the testimony of the particular complainant to be credible" (People vRodriguez, 115 AD3d 580, 581 [1st Dept 2014], lv denied 23 NY3d 967 [2014]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022