People v Santiago (2022 NY Slip Op 07303)

People v Santiago

2022 NY Slip Op 07303

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Ind No. 3261/15 Appeal No. 16964 Case No. 2018-2208 

[*1]The People of the State of New York, Respondent,
v
Efrain Santiago, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Karen Brill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shane Magnetti of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered November 20, 2017, convicting defendant, after a jury trial, of criminal trespass in the second degree, and sentencing him to three years' probation, unanimously affirmed.
The verdict was not against the weight of evidence. The victim's account of the criminal trespass was extensively corroborated by other witnesses. There is no basis for disturbing the jury's credibility determinations.
The court providently exercised its discretion in admitting evidence that defendant, a police officer, had threatened the victim on multiple occasions by telling her that he was on disciplinary probation, could lose his job, and would kill her and take their child from her if she reported him for assaulting her. This evidence was probative of the relationship between defendant and victim and the victim's reluctance to report domestic violence incidents to the police (see e.g. People v Rosario, 34 AD3d 370 [1st Dept 2006], lv denied 8 NY3d 949 [2007]), and their probative value exceeded any prejudicial effect. Defendant's challenges to the Molineux evidence and the court's ruling are unpreserved and we decline to review them in the interest of justice (see People v. Molineaux, 168 NY 264 [1901]). Defendant failed to argue that the court's limiting instructions were inadequate. Defendant also failed to assert that the People's questioning of witnesses exceeded the scope of the court's initial ruling. As an alternate holding, we find these arguments unavailing. In any event, any error was harmless because the evidence of defendant's guilt of criminal trespass in the second degree was overwhelming.
Defendant's challenges to the People's summation are also unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks constituted fair comment on the evidence in response to defense arguments (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). In any event, any error was likewise harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022